Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, peticionario, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Arcelay de la Rosa, interventor.

Núm. 157.—*Sometido:* Enero 15, 1948. *Resuelto:* Mayo 17, 1948.

Hon. *Procurador General Luis Negrón Fernández* y *Carlos Santana Becerra* y *Elmer Toro Lucchetti, Procuradores Generales Auxiliares,* abogados del peticionario; *F. Fernández Cuyar,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Conforme dijimos en la opinión emitida en 5 de marzo de 1947 al resolver unas mociones para desestimar presentadas por el interventor en recursos que llevan este mismo título, expedimos el auto de *certiorari* para revisar ciertas conclusiones del Tribunal de Contribuciones adversas al Tesorero en cuanto a jurisdicción y sobre una cuestión sustantiva.[1] Éstas, según aparecen en el alegato radicado por dicho funcionario, son al efecto de que (1) el tribunal recurrido erró al declarar sin lugar la cuestión jurisdiccional relativa a la fianza que fuera por él planteada, así como al resolver que él estaba impedido de levantar dicha cuestión; (2) al entrar en la consideración de la deducibilidad de la partida de intereses, suscitada por primera vez en el escrito de apelación enmendado; (3) al resolver que el interventor podía alegar la contribución pagada sobre una partida de intereses—cuya deducción se reclamó por vez primera en el escrito de apelación enmendado—como defensa contra cualquier deficiencia que se le intentara cobrar por el año 1938;

---

[1] *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 13.

y (4) al eliminar la penalidad de fraude, por el fundamento de que la misma no había sido debidamente planteada.

En 13 de enero de 1942 el aquí interventor Rafael Arcelay de la Rosa archivó ante el extinto Tribunal de Apelación de Contribuciones una querella cuyas alegaciones brevemente expuestas son al efecto de que el Tesorero le notificó cierta deficiencia proveniente de la consolidación de las planillas de él y su esposa;[2] del aumento del ingreso bruto con motivo de ciertas rentas, comisiones e intereses recibidos y no declarados; y de deducciones que fueron eliminadas.   Una moción para desestimar la querella radicada por el Tesorero en 18 de agosto de 1942 fué declarada sin lugar por el Tribunal de Contribuciones de Puerto Rico[3] en 7 de enero de 1944.   Así las cosas, el Tesorero de Puerto Rico no archivó su contestación hasta el 3 de octubre de 1945.   En 9 de mayo de 1946 radicó Arcelay una querella enmendada y en ella por primera vez hizo mención de dos partidas de $11,833.35 y $351.03, respectivamente, sobre las cuales había pagado contribuciones de más en su planilla correspondiente al año 1938, objeto de su recurso.   Esas partidas se referían a intereses acreditádosle por la White Star Bus Line, Inc., y eliminados más tarde por la Corte de Distrito de los Estados Unidos para Puerto Rico al ser dicha corporación declarada en quiebra.   La petición enmendada fué archivada con la anuencia del Tesorero y con autorización del Tribunal de Contribuciones.

Al ser llamado el caso para vista en 6 de junio de 1946 el Tesorero levantó la cuestión de falta de jurisdicción, fundándose en que Arcelay no había prestado la fianza

(2)Posteriormente el Tesorero admitió que no tenía derecho a consolidar las planillas del contribuyente y su esposa para el año aquí en controversia. Véanse: Casals v. Sancho Bonet, Tes., 53 D.P.R. 640 y Ballester v. Tribunal de Apelación, 61 D.P.R. 474.

(3)El Tribunal de Apelación de Contribuciones creado por la Ley número 172 de 13 de mayo de 1941 (pág. 1039) fué sucedido por el Tribunal de Contribuciones, al enmendarse dicha ley por la número 169 de 15 de mayo de 1943 (pág. 601).

exigida por la sección 57(a) de la Ley de Contribuciones sobre Ingresos.(⁴)   La prestación de esa fianza es, desde luego, un requisito previo jurisdiccional que ha de cumplir toda persona que se querelle ante el Tribunal de Contribuciones contra una notificación de deficiencia héchale por el Tesorero de Puerto Rico.  *Mayagüez Lt., P. & I. Co.* v. *Tribl. Contribuciones,* 65 D.P.R. 30.  Sin embargo, tanto en la querella original como en la enmendada radicadas por el aquí interventor él alegó de manera clara y específica la prestación de tal fianza en consonancia con lo provisto por la aludida sección.  El Tesorero se limitó a plantear la cuestión relativa a la ausencia de la fianza y no adujo prueba en apoyo de su contención.  Siendo ésa una cuestión jurisdiccional, el aquí peticionario podía, por supuesto, plantearla en cualquier estado del procedimiento, más alegando en su querella el contribuyente que había dado cumplimiento a tal requisito, no bastaba con que el Tesorero suscitara la cuestión, en la forma en que lo hizo, sino que era necesario que adujera prueba(⁵) demostrativa de que si bien el contribuyente había radicado una fianza la misma era insuficiente; que como consecuencia de ello ésta no se había aprobado por él y en definitiva que se había dejado de dar cumplimiento a lo provisto por el estatuto a ese respecto.  De haber ofrecido tal prueba el Tesorero, el contribuyente hubiera tenido derecho a aducir la suya para controvertirla.  En ausencia de semejante demostración por parte del referido funcionario, el Tribunal de Contribuciones actuó acertadamente al declarar sin lugar la cuestión de jurisdicción así plantéadale por el Tesorero.

■ Los errores segundo y tercero, según ya hemos indicado, imputan al Tribunal recurrido el haber cometido error al considerar como deducible una partida de intereses sobre la cual el interventor pagó contribución y al resol-

---

(⁴)Número 74 de 6 de agosto de 1925 (página 401).
(⁵)*Cf.* Regla 43(e) de las de Enjuiciamiento Civil.

ver que dicho contribuyente podía alegar la contribución pagada sobre la partida de intereses—no obstante haber reclamado por primera vez su deducción en el escrito de apelación enmendado—como defensa contra cualquier deficiencia que se le intentara cobrar por el año 1938.

El contribuyente rendía planilla por años naturales y la correspondiente al 1938, objeto de este recurso, fué rendida, en marzo 15 de 1939. Cuando en mayo 9 de 1946 él archivó su querella enmendada, en que alegó por primera vez tener derecho a que se le compensara contra la deficiencia notificádale el importe de la contribución pagada en exceso sobre ciertos intereses acreditádosle por la White Star Bus Line, aunque no recibidos de ésta, ya habían transcurrido más de los cuatro años desde la fecha del pago de la contribución, a que hace referencia la sección 64(b) de la Ley de Contribuciones sobre Ingresos. Ésta lee así:

"(b) A excepción de lo que dispone la subdivisión (c) de esta sección, (1) no se concederá ningún crédito o reintegro después de cuatro años desde la fecha del pago de la contribución, a menos que antes de vencidos esos cuatro años el contribuyente radique una reclamación, ni (2) deberá el montante del crédito o reintegro exceder de la parte de la contribución que fuere pagada durante los cuatro años inmediatamente precedentes a la reclamación, o, si no se radicare una reclamación, entonces, dentro de los cuatro años inmediatamente precedentes a la concesión del crédito y reintegro."

La cuestión a ser determinada es, pues, si habiendo expirado el referido período de cuatro años para la fecha en que el contribuyente hizo su citada alegación, él tiene derecho a que el pago de contribuciones en exceso sobre intereses no recibidos, sea tomado en consideración al hacerse un reajuste para el año en disputa.

En *Lewis* v. *Reynolds*, 284 U. S. 281, 283, el Tribunal Supremo de la Nación manifiesta que "Aunque la prescripción puede haber impedido la imposición y cobro de cualquier suma adicional, ella no elimina el derecho de los Estados Uni-

dos (en un pleito sobre devolución de contribuciones interpuesto por el contribuyente) a retener los pagos ya recibidos cuando éstos no exceden de la cantidad que pudo propiamente ser interpuesta y exigida.'' Comentando el principio así establecido, el tratadista Philip Zimet en un artículo titulado ''Tax Refund Claims and the Statute of Limitations'' que aparece publicado en la obra ''Tax Law Review'', Vol. I, página 48, años 1945–1946, se expresa así:

''. . . . . existe a los fines de la contribución federal sobre ingresos un concepto fundamental de que la ley impone la contribución con referencia a un período fijo de tiempo. El período anual es una cuestión de necesidad si la ley se va a administrar; se le ha llamado la piedra angular de nuestra estructura contributiva. Ahora, nuestra contribución no se impone, si bien quizá puede imponerse, sobre los ingresos brutos; se impone sobre los netos, para cuya debida determinación deben considerarse y combinarse muchos factores. *Si se maneja incorrectamente cualquier factor, todo el cálculo debe hacerse de nuevo. Cuando es necesario que se haga un nuevo cálculo, ya sea mediante una reclamación de reintegro o una tasación de deficiencia, debe ser dicho cálculo lo más correcto posible.''* (Bastardillas nuestras).

Decimos nosotros ahora, si en caso de reclamaciones de reintegro hechas por el contribuyente para determinado año el Gobierno tiene derecho a exigir que todo el cálculo se haga de nuevo y que se consideren cualesquiera cantidades no notificadas como deficiencias, a pesar del hecho de que el derecho a notificar tales deficiencias hubiere prescrito, resulta enteramente justo y equitativo que cuando el Gobierno notifica una deficiencia a un contribuyente éste tenga derecho a que, al hacer él una reclamación de reintegro, se investigue todo el año para el cual se le hace tal notificación y se haga un reajuste del mismo, tomándose también en consideración las cantidades que él pueda haber pagado en exceso, no obstante el hecho de que a tenor de la sección 64($b$) de la ley el término de cuatro años desde la fecha del pago de la contribución por el contribuyente pueda haber expi-

rado. Cf. *González Padín Co.* v. *Tribl. de Contribuciones,* 66 D.P.R. 964.([6]) En el presente caso Arcelay tiene derecho a la compensación de la suma pagada en exceso, como un escudo y no como una espada. La compensación, por supuesto, nunca podrá exceder del monto de la deficiencia notificádale para el año en controversia.

■ Desde luego, el hecho de que la cuestion relativa al pago de la contribución sobre los intereses no percibidos se planteara por primera vez en la querella enmendada no privaba al Tribunal de Contribuciones de jurisdicción para conocer de ella. Es cierto que en la sección 4 de la Ley núm. 169 de 1943 se provee que la jurisdicción de dicho Tribunal no podrá invocarse hasta que sobre el asunto en discusión haya recaído la correspondiente resolución administrativa por parte del Tesorero de Puerto Rico. Sin embargo, la querella fué enmendada con la anuencia de este funcionario, quien se opuso más tarde a la solicitud de compensación hecha por el contribuyente. Tomando en consideración todas estas circunstancias, se cumplió sustancialmente con el requisito de la resolución administrativa provisto por la sección 4 supra. *González Padín Co.* v. *Tribl. de Contribuciones,* supra, especialmente a la página 988. En su consecuencia, tampoco cometió el Tribunal recurrido los errores segundo y tercero.

■ En lo que a la cuestión de fraude concierne, el contribuyente claramente hizo constar en repetidas ocasiones, tanto en su querella original como en la enmendada, que el Tesorero había cometido error al imponerle una penalidad de un 50 por ciento por tal concepto. En su contestación el Tesorero se limitó a negar esa imputación, pero no hizo alega-

([6])En el caso de *González Padín Co.* v. *Tribl. de Contribuciones,* supra, hicimos un estudio minucioso y acabado de la doctrina de *recoupment* en materia de contribuciones. En él consideramos de paso el caso de *Lewis* v. *Reynolds,* 284 U. S. 281 y asumimos—sin decidir—su aplicabilidad a una solicitud de compensación hecha por el contribuyente, no obstante haber prescrito el derecho de éste a solicitar con éxito su reintegro.

ción específica al efecto de que el contribuyente hubiera cometido fraude al rendir su planilla. Como es sabido, el fraude debe alegarse de manera específica y probarse con prueba clara y convincente. El hecho de que el contribuyente alegara que el Tesorero le había imputado fraude y que éste negara tal imputación no equivale a la alegación específica ni a la prueba clara y convincente requeridas por la jurisprudencia. Mertens, *Law of Federal Income Taxation*, Vol. 10, sección 55.19; Id. Vol. 9, sección 50.67; *Nine* v. *Ortiz*, 67 D.P.R. 940, 952; *Sucn. Gómez* v. *Colón*, 63 D.P.R. 104, 106; *The Texas Co.* v. *Estrada, y Alvarez, Int.*, 50 D.P.R. 743; *Serrano* v. *Torres*, 61 D.P.R. 162 y *Pueblo* v. *Pietersz*, 61 D.P.R. 237.

Por otra parte, la sección 3 de la Ley núm. 169, supra, provee que la contestación que radique el Tesorero de Puerto Rico a las instancias archivadas por los contribuyentes " . . . . contendrá, también de modo breve y claro, una exposición de todas las alegaciones de hecho y de derecho en que dicho funcionario se funde para oponerse a lo interesado por el contribuyente." Disposiciones similares están contenidas en la Regla 8 de las de Procedimiento del Tribunal de Contribuciones y en el inciso (*b*) de la Regla 9 de las de Enjuiciamiento Civil para las Cortes de Puerto Rico, aprobadas por este Tribunal.[7] En su virtud, tanto porque de acuerdo con la jurisprudencia aquél que imputa fraude ha de alegarlo específicamente y probarlo, como por haber dejado el Tesorero de cumplir en su contestación lo provisto por la ley creadora del Tribunal de Contribuciones y por las Reglas antes mencionadas, dicho Tribunal actuó acertadamente al eliminar la penalidad por fraude, imputado al contribuyente por el Tesorero.

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. De Jesús no intervino.

[7] Por disposición expresa de la sección 4 de la Ley núm. 169 de 1943 (pág. 607) los procedimientos ante el Tribunal de Contribuciones se rigen por las Reglas de Enjuiciamiento Civil.