Roberto Colón Machinery & Manufacturing Co., Inc.,
demandante y apelante, *v.* Secretario de Hacienda, de-
mandado y apelado.

Número 11056.

*Sometido:* 2 de julio de 1954. *Resuelto:* 21 de febrero de 1956.

*Toro & Malley,* abogados de la apelante; *Hon. Secretario de Justicia José Trías Monge y Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

La cuestión envuelta en este caso es si el accionista principal de una corporación responde—ya personalmente o ya como síndico liquidador—del pago de una deficiencia de contribuciones sobre ingresos impuesta a una corporación que ha sido disuelta.

En 1945 Roberto Colón Machinery & Manufacturing Co., Inc., corporación doméstica, fué notificada por el entonces Secretario Ejecutivo al efecto de que había sido disuelta por no radicar su informe anual durante tres años consecutivos, según lo exige el art. 25 de la Ley de Corporaciones. Ley núm. 30, Leyes de Puerto Rico, 1911, (pág. 93), según fué enmendada por la Ley núm. 154, Leyes de Puerto Rico, 1948 ((1) pág. 359). Desconociendo aparentemente la disolución de la corporación, en 1950 el entonces Tesorero envió a la corporación una notificación de deficiencia de contribuciones sobre ingresos para 1943.(1) Roberto Colón, como síndico liquidador de la corporación, radicó moción de reconsideración y firmó una renuncia del término prescriptivo. En 1951 el

---

(1) Esto no podría ocurrir hoy. El art. 25 dispone ahora que el Secretario de Estado obtendrá una certificación del Secretario de Hacienda acreditativa de las contribuciones adeudadas por la corporación antes de que se anote a la corporación como disuelta. 14 L.P.R.A. sec. 181.

entonces Tesorero notificó a Colón, como síndico liquidador, con una "deficiencia definitiva" ascendente a $11,357.65 para la corporación disuelta.

Colón—aparentemente preocupado de que el Tesorero fuera a tratar de cobrar a él la contribución embargándole sus bienes o por cualquier otro medio—radicó querella ante el anterior Tribunal de Contribuciones. La querella no cuestiona la responsabilidad de la corporación por el pago de la deficiencia. *Cf. Phillips* v. *Commissioner*, 283 U.S. 589; *Koch* v. *United States*, 138 F.2d 850 (C.A. 10, 1943). Más bien está dirigida únicamente al problema de si Colón, como síndico liquidador de la corporación, debe pagar dicha deficiencia.

Alega la querella que Colón como síndico liquidador se había hecho cargo del activo y pasivo de la corporación; que el pasivo excedía al activo; que Colón pagó las obligaciones de la corporación hasta donde se lo permitió el activo; que como no posee otro activo de la corporación, Colón, como síndico liquidador, no es responsable de las deudas pendientes de la corporación. La querella solicita un pronunciamiento al efecto de (1) que Colón no es responsable como síndico liquidador por el pago de la deficiencia y (2) que el entonces Tesorero debía abstenerse de cobrársela a él. Colón prestó fianza de $12,000 a fin de poder radicar la querella antes dicha.

La contestación del entonces Tesorero niega que el pasivo de la corporación excediera el activo. Alega que si bien la corporación fué disuelta, no hubo liquidación de su activo según lo exige la Ley de Corporaciones. La contestación también contiene una "Alegación Especial" en la cual el entonces Tesorero alega en la alternativa que Colón " . . . era el dueño de más del 95% de las acciones de Roberto Colón Machinery and Manufacturing Company, Inc. Que era la persona que ejercía absoluto control sobre todas las operaciones y transacciones de la demandante. Que con fecha 1ro. de abril de 1945 el señor Roberto Colón adquirió todo el activo

de la corporación Roberto Colón Machinery and Manufacturing Company, Inc. Que en esta misma fecha dicha corporación fué disuelta por consentimiento unánime de sus accionistas. Que en estas condiciones el señor Roberto Colón es responsable de las contribuciones que pudiera resultar adeudando la corporación Roberto Colón Machinery and Manufacturing Company, Inc."

El anterior Tribunal de Contribuciones vió el caso en sus méritos. El mismo fué resuelto por uno de sus anteriores miembros, como Juez del Tribunal Superior, a tenor con la Ley de la Judicatura, Ley núm. 11, Leyes de Puerto Rico, 1952, Sesión Extraordinaria, 4 L.P.R.A. secs. 1 et seq. Dicho juez declaró la querella sin lugar. Manifestando que la deficiencia no había sido impugnada en sus méritos, el tribunal sentenciador dijo: "Sería por lo tanto prematuro un pronunciamiento del tribunal en cuanto a la responsabilidad *personal* de Roberto Colón sobre esta contribución adeudada por contribuyente distinto, sobre todo, cuando la contribución está debidamente afianzada y no ha surgido hecho alguno que demuestre que la fianza es inefectiva o que no cubre la totalidad de la deuda." (Bastardillas nuestras.) El demandante ha apelado de la sentencia del tribunal sentenciador. Pagó la contribución personalmente para poder apelar a este Tribunal.

El Tribunal Superior cometió error al resolver que el pleito era prematuro en cuanto a la responsabilidad personal de Colón por la deficiencia. Esto, junto con la supuesta responsabilidad de Colón como síndico liquidador, era precisamente la cuestión suscitada en este caso. El anterior Tribunal de Contribuciones tenía jurisdicción para considerar la misma de conformidad con la disposición del art. 2 de la Ley núm. 328, Leyes de Puerto Rico, 1949 ((1) pág. 997), que creó el Tribunal de Contribuciones, al efecto de que ". . . tendrá jurisdicción, de carácter exclusivo, para conocer de todos los casos, acciones, procedimientos o recursos especiales o extraordinarios relacionados con, o que afecten, la

imposición, cobro y pago de toda clase de contribuciones . . .".

■ Bajo la "Alegación Especial" contenida en la contestación del entonces Tesorero, Colón podía ser responsabilizado por la deficiencia ya fuere como síndico liquidador o ya personalmente. El Tribunal de Contribuciones declaró sin lugar la moción que el entonces Tesorero presentó durante la vista del caso para que se incluyera a Colón personalmente como parte. Aun cuando el Tesorero no argumenta la cuestión en su alegato, creemos que la cuestión suscitada por él en su contestación en cuanto a la responsabilidad personal de Colón por la deficiencia exigía que el tribunal sentenciador declarara con lugar la moción del Tesorero. *García* v. *Gobierno de la Capital*, 70 D.P.R. 333, 340 y 341. El no haber el tribunal sentenciador resuelto las únicas cuestiones presentadas por este caso nos obliga a revocar la sentencia y devolver el caso. Una vez devuelto el mismo, el caso debe tratarse como que levanta las cuestiones de la responsabilidad de Colón tanto como síndico liquidador como personalmente.

■■ La "Alegación Especial" afirma primeramente que Colón es responsable personalmente del pago de la deficiencia porque era dueño de "más del 95% de las acciones" de la corporación y ejercía absoluto control sobre todas sus operaciones. Con excepción de cuatro acciones de las 800 emitidas por la corporación, a cien dólares la acción, Colón era dueño de las demás. Pero esto no lo hace automáticamente responsable personalmente de la deficiencia de la corporación. Existen situaciones en que la ficción corporativa se pasa por alto en casos que envuelven contribuciones sobre ingresos cuando una persona es dueña de casi todas las acciones de una corporación. *Higgins* v. *Smith*, 308 U.S. 473, 477. "Pero el ignorar la entidad corporativa todavía sigue siendo la excepción a la regla." *Delaney* v. *Gardner*, 204 F.2d 855, 861 y 862 (C.A. 1, 1953) y casos allí citados; *National Carbide Corp.* v. *Comm'r.*, 336 U. S. 422; 10A Mertens, Law of Federal Income Taxation, págs. 233 et seq.; id., Sup. 1955, págs. 56 et seq.; Berger, *"Disregarding the Corporate En-*

*tity" for Stockholders' Benefit*, 55 Col. L. Rev. 808 (Junio de 1955), y casos allí citados; Cleary, *The Corporate Entity in Tax Cases*, 1 Tax L. Rev. 3. Véase *Swiggett* v. *Swiggett, Inc.*, 55 D.P.R. 76. El gobierno no hizo esfuerzo alguno para demostrar que Colón dirigía los asuntos de la corporación en tal forma que en realidad constituía una ficción y por consiguiente era responsable del pago de la misma.[2] Al devolverse el caso, el gobierno tendrá una oportunidad, de así elegirlo, para presentar prueba adicional sobre la cuestión de la responsabilidad personal de Colón sobre la teoría de descorrer el velo corporativo.

■■ Pasemos ahora a la cuestión de la supuesta responsabilidad de Colón como cesionario por compra del activo y pasivo de la corporación. Antes de recibir del entonces Secretario Ejecutivo el aviso de disolución de la corporación por no radicar los informes anuales, se celebró una reunión extraordinaria de accionistas. El acta de la reunión dice en parte como sigue:

"El Presidente de la Corporación Sr. Roberto Colón sometió a la reunión un estado de las condiciones generales del negocio, y sugirió la conveniencia de disolver la Corporación, lo cual fué aceptado por todos los presentes.

"El Tesorero presentó un inventario de todo el activo y pasivo de la compañía, a saber:

"Un inventario conteniendo relación detallada de materiales, efectos, existencias y moblaje, etc., ascendente a $71,543.09.

---

[2] Indicamos más luego que en 1947 Colón aparentemente dedujo como deudas incobrables en su planilla personal ciertas sumas adeudadas a la corporación que resultaron incobrables después de haber sido disuelta la misma en 1945. Creemos—como más luego decimos—que esta conducta, de ser cierta, constituye evidencia en apoyo de la contención del Secretario de Hacienda (1) de que el activo y pasivo de la corporación fueron traspasados a Colón personalmente en 1945, y (2) de que Colón era por consiguiente responsable personalmente del pago de la deficiencia de la corporación para 1943 que se considera él asumió juntamente con las otras obligaciones de la corporación. Pero tal conducta en 1947—después de disuelta la corporación—no es suficiente, por sí sola, para demostrar que Colón operaba la corporación en tal forma que nos compela a resolver que él es responsable personalmente por la deficiencia de contribuciones sobre ingresos para 1943 de la corporación descorriendo el velo corporativo.

"Una relación detallada de todo el activo y pasivo ascendente a $71,543.09.

"Toda esta documentación fué debidamente examinada por todos los accionistas, quienes la encontraron correcta y se ordenó que la misma fuera incluída en esta acta y se hiciera formar parte de la misma.

"El Sr. Roberto Colón, bajo el nombre de 'Roberto Colón Mach. Co.', ofreció comprar todas las existencias y el activo de la corporación, y asumir el pago de todo el pasivo pendiente, por el precio de $68,164.62 en efectivo, ordenándose que la correspondiente documentación fuese preparada y firmada por todos los accionistas y por el Sr. Roberto Colón.

"También se resolvió que en vista de que la corporación no tenía bienes de clase alguna ya que los mismos habían sido vendidos a Roberto Colón Machinery Co., la corporación sería disuelta."

De conformidad con lo anterior, los accionistas escribieron al entonces Secretario Ejecutivo lo siguiente: "Acusamos recibo de su atenta del 23 del pasado mes de marzo, y nos es grato comunicarle que el negocio de Roberto Colón Machy. Co. fué vendido con fecha 1ro. de abril al Sr. Roberto Colón por consentimiento unánime de los abajo firmantes, únicos accionistas de la corporación y por lo tanto consentimos en que se declare disuelta la corporación."

Para los fines de este caso contributivo es innecesario determinar si la corporación fué disuelta en 1945 voluntariamente por actuación de los accionistas o involuntariamente por el Estado por no radicar los informes anuales. Independientemente del método de disolución, Colón era responsable del pago de la deficiencia *si como cuestión de hecho compró su activo y asumió su pasivo por $68,164.62 en efectivo antes de su disolución:* (1) él sería responsable primero personalmente bajo la teoría de que asumió las obligaciones de la corporación en relación con la compra de su activo; (2) además, si por cualquier motivo el Secretario de Hacienda no puede cobrarle personalmente, Colón sería responsable como síndico liquidador porque sería su deber en dicha capacidad pagar la deficiencia, a prorrata según dispone el art. 31 de

la Ley de Corporaciones, de la suma de $68,164.62 pagada o debida por él personalmente a la corporación a cambio de su activo y pasivo. Arts. 28, 29 y 31 de la Ley de Corporaciones, 14 L.P.R.A. secs. 204, 205 y 207.

Durante el juicio Colón declaró que la venta a él del activo de la corporación nunca se consumó; que a su vez él procedió a liquidar los asuntos de la corporación; que sólo pudo cobrar una pequeña porción de las cuentas por cobrar de la corporación porque sus deudores asumieron la posición de que él no tenía derecho a cobrarlas en vista de la disolución de la corporación;[3] que como resultado las obligaciones de la corporación excedían su activo; y que por consiguiente él pagó de su propio peculio el remanente de las deudas de la corporación.

El tribunal sentenciador no resolvió el conflicto en la prueba en cuanto a la venta del activo de la corporación a Colón. Esto exige que devolvamos el caso al Tribunal Superior para que éste llegue a conclusiones de hecho y a una decisión sobre esta cuestión. En vista del estado de los autos, a las partes debe dársele la oportunidad de presentar prueba adicional sobre esto. A este respecto, notamos que hubo algún testimonio durante el juicio al efecto de que Colón dedujo como cuentas incobrables en su planilla personal de 1947 cantidades que se le debían a la corporación. De probarse esto cuando el caso sea devuelto, ello tendría algún efecto sobre la contención del Secretario de Hacienda de que Colón era responsable personalmente del pago de la deficiencia porque él compró el activo y asumió el pasivo de la corporación. Es decir, si Colón rebajó en su planilla personal las cuentas incobrables de la corporación bajo la teoría de que él las había adquirido de la corporación como parte del activo, en igual forma Colón sería responsable personalmente del pago de la deficiencia de la corporación porque él asumió sus obligaciones.[4]

---

[3] Si un deudor solvente presentara una contención tan absurda, sería desde luego deber del síndico liquidador instar pleito contra él por la suma que adeude a la corporación disuelta.

[4] Aun cuando el tribunal sentenciador resuelva que nunca hubo de hecho un convenio por el cual Colón compraría el activo de la corporación

■ El Secretario de Hacienda no sostuvo ante el tribunal sentenciador o en su alegato ante este Tribunal que Colón era responsable personalmente por la deficiencia de la corporación en virtud del art. 35 de la Ley de Corporaciones, 14 L.P.R.A. sec. 232.([5]) Sin embargo, posteriormente el Secretario radicó una moción sugiriendo que tomáramos en consideración el caso de *Cruz* v. *Ramírez*, 75 D.P.R. 947, cuando decidamos el presente ". . . por la tangencia que las cuestiones discutidas en aquél, tengan con el de autos." El Secretario no ha presentado argumento alguno en apoyo de la contención de que el art. 35 es de aplicación a este caso. Creemos que es más aconsejable dejar pendiente esta cuestión de suerte que el tribunal sentenciador pueda pasar sobre ella si al devolvérsele el caso el Secretario interpone tal contención.

*La sentencia del Tribunal Superior será revocada y el caso devuelto para ulteriores procedimientos consistentes con esta opinión.*

Los Jueces Asociados Sres. Marrero y Negrón Fernández disintieron.

---

Opinión concurrente del Juez Asociado señor Belaval.

La demandante, una corporación doméstica disuelta, demandó a través de su síndico-liquidador, señor Roberto Colón, al anterior Tesorero de Puerto Rico, a los efectos que el anterior Tribunal de Contribuciones de Puerto Rico declarara que: "Roberto Colón, como director constituído en síndico-

y asumiría sus obligaciones, debe todavía determinar si como síndico liquidador Colón desempeñó a cabalidad sus obligaciones a tenor con los arts. 28, 29 y 31 de la Ley de Corporaciones, 14 L.P.R.A. secs. 204, 205 y 207. *Cf. Hutton* v. *Commissioner of Internal Revenue*, 59 F.2d 66 (C.A. 9, 1932).

([5]) El art. 35 prescribe como sigue: "Ninguna corporación podrá contraer deuda alguna por ningún concepto, que excediere del valor de su capital social ingresado en caja o del valor de sus propiedades y créditos activos. Los directores que autorizaren con sus votos a contraer dichas deudas serán responsables individual, mancomunada y solidariamente del importe de las mismas y dicha responsabilidad podrá exigirse mediante demanda entablada por cualquier acreedor que justificare haber sido judicialmente adjudicada su reclamación y que el activo liquidado de la corporación no ha sido suficiente para cubrirla."

liquidador de la disuelta corporación Roberto Colón Machinery Manufacturing Co., Inc., está libre de responsabilidad en relación con la deuda por concepto de contribución sobre ingresos que se le pretende cobrar . . . y que por consiguiente el Tesorero debe abstenerse de cobrar tal contribución a Roberto Colón" porque "habiendo excedido el pasivo de la corporación disuelta el activo de la misma consistente dicho activo de aquellos fondos y bienes que llegaron a poder del síndico-liquidador y habiendo satisfecho el síndico-liquidador deudas y obligaciones de la corporación disuelta hasta la cuantía de los fondos y bienes que llegaron a su poder como tal, el síndico-liquidador ha quedado y está en la actualidad completamente libre de responsabilidad alguna en relación con cualesquiera deudas que pudieran quedar de la corporación Roberto Colón Machinery & Manufacturing Co., Inc., toda vez que su responsabilidad al quedar constituído como síndico-liquidador de la corporación se extendió únicamente hasta la cuantía de los fondos y bienes de la corporación que llegaron a su poder como tal síndico-liquidador."

El anterior Tesorero de Puerto Rico contestó alegando que "Roberto Colón era el dueño de más del 95% de las acciones de Roberto Colón Machinery and Manufacturing Company, Inc.; que era la persona que ejercía absoluto control sobre todas las operaciones y transacciones de la demandante . . . que en estas condiciones el señor Roberto Colón es responsable de las contribuciones que pudiera resultar adeudando la corporación Roberto Colón Machinery & Manufacturing Company, Inc.".

Cuando el caso fué visto ante el Tribunal Superior de Puerto Rico, sucesor del anterior Tribunal de Contribuciones de Puerto Rico, la prueba demostró que el señor Roberto Colón era Presidente y accionista de la corporación disuelta, con $79,600 en acciones suscritas y pagadas (T. 57) de un capital autorizado de $100,000 y emitido de $80,000 (T. 111); que la corporación fué disuelta por el anterior Secretario

Ejecutivo de Puerto Rico; que la deficiencia impuesta por el Tesorero era correcta y constituía una deuda legítima de la corporación.

La ilustrada Sala sentenciadora dictó sentencia declarando prematuro "un pronunciamiento del tribunal en cuanto a la responsabilidad personal de Roberto Colón sobre esta contribución adeudada por contribuyente distinto", y en virtud de dicho razonamiento, dictó sentencia declarando sin lugar la demanda. Tal actuación resulta errónea. Si la corporación era solvente como alegaba y trató de probar el anterior Tesorero de Puerto Rico, habiéndose constituído el señor Roberto Colón en síndico-liquidador de la misma, él resultaba mancomunada y separadamente responsable de dicha deuda hasta la cuantía de los fondos y bienes de la corporación que llegaron a su poder como tal síndico; art. 29 de la Ley núm. 30 de 9 de marzo de 1911. 14 L.P.R.A. 1017, sec. 205. Si la corporación era insolvente como alegaba y trató de probar el contribuyente, el señor Roberto Colón, como director, era responsable individual, mancomunada y solidariamente del importe de dicha contribución por resultar el activo liquidado insuficiente para cubrirla: art. 35 de la Ley núm. 30 de 9 de marzo de 1911, 14 L.P.R.A. 1020, sec. 232. Véase además *Cruz* v. *Ramírez*, 75 D.P.R. 947, (*Ortiz*) (1954), cita precisa a las págs. 953 y 955.

El hecho que la notificación se le hiciera originalmente a la corporación no alteraría este resultado, máxime cuando es el mismo señor Roberto Colón quien promueve la acción como síndico-liquidador, alegando la disolución de la corporación y su falta de responsabilidad como síndico-liquidador de la misma. El hecho que de acuerdo con la prueba sometida, resulte que si bien no es responsable como síndico-liquidador puede serlo como director de la corporación, no crea tal diversidad de partes que amerite un litigio separado. Casualmente en el caso de *Cruz* v. *Ramírez*, supra, hasta cierto extremo, nos enfrentamos con el aspecto procesal de esta cuestión.

Debe revocarse la sentencia dictada y devolverse el caso para que por el Tribunal Superior de Puerto Rico se resuelva el conflicto de si la corporación disuelta era solvente o no solvente al momento de su liquidación, fijando la responsabilidad del señor Roberto Colón bien como síndico-liquidador si realmente existían bienes de la corporación suficientes para pagar la deuda contributiva a la fecha de su disolución o como director de la corporación si realmente no existían bienes de la corporación suficientes para el pago de dicha deuda.

Hasta aquí la opinión sometida a la consideración de los señores jueces de este Tribunal que no mereció su aprobación. En la nueva opinión preparada por el Juez Presidente señor Snyder, parece no haber conflicto con los términos de la primera opinión sometida por mí, en cuanto a la responsabilidad del síndico-liquidador de pagar con los bienes de la corporación todavía en su poder, la deuda contributiva, si al recibir el caso la ilustrada Sala sentenciadora, declarara probado el hecho alegado por el Secretario de Hacienda, en el sentido, que el propio señor Roberto Colón adquirió el activo y el pasivo de la corporación disuelta. No creímos prudente establecer ninguna distinción, en cuanto a si en este caso, el señor Roberto Colón respondería como síndico-liquidador de la corporación o como adquirente del activo y pasivo por las siguientes razones: (1) la defensa del Secretario de Hacienda es en el sentido que "Roberto Colón era el dueño de más del 95% de las acciones de Roberto Colón Machinery and Manufacturing Company, Inc., que era la persona que ejercía absoluto control sobre todas las operaciones y transacciones de la demandante . . . que en estas condiciones el señor Roberto Colón es responsable de las contribuciones que pudiera resultar adeudando la corporación Roberto Colón Machinery and Manufacturing Company, Inc., o sea, como cuestión de derecho se plantea la responsabilidad ulterior del señor Roberto Colón, como director, con "absoluto control sobre todas las operaciones y transacciones de la demandante" y como accionista por ser "dueño de más del 95% de las acciones de

Roberto Colón Machinery and Manufacturing Company, Inc."; (2) aunque la prueba del Secretario de Hacienda fué en el sentido que el señor Roberto Colón, haciendo negocios como Roberto Colón Machinery Company, había adquirido el activo y el pasivo de la corporación, desde el punto de vista de la responsabilidad corporativa, que es el que debe preocuparnos en este caso, por tratarse de la imposición de una deficiencia contributiva contra la corporación, el resultado práctico sería que el síndico-liquidador habría recibido el importe total del activo y la corporación en liquidación resultaría solvente, y por tanto, surgiría la responsabilidad del síndico-liquidador de la misma de pagar la deuda contributiva por contar con bienes de la corporación suficientes para ello; (3) aunque la prueba del contribuyente fué en el sentido que el señor Roberto Colón no había adquirido el activo y el pasivo de la corporación, desde el punto de vista de la responsabilidad corporativa, el resultado práctico sería que siendo el síndico-liquidador en este caso, además de síndico, director y casi único accionista, tendría que responder de cualquier débito corporativo en exceso del activo de la corporación de acuerdo con el art. 35 de la Ley de corporaciones de Puerto Rico.

En la opinión de la mayoría se devuelve el caso a la Sala sentenciadora, sin resolver el único punto crucial de esta apelación, usando el siguiente lenguaje: "creemos que es más aconsejable dejar pendiente esta cuestión (se refiere a la aplicación del art. 35) de suerte que el tribunal sentenciador pueda pasar sobre ella, si al devolvérsele el caso el Secretario interpone tal contención". El Secretario de Hacienda no tiene que interponer tal contención por el simple hecho que ya está interpuesta. La defensa del Secretario de Hacienda es clara: "Roberto Colón era el dueño de más del 95% de las acciones de Roberto Colón Machinery and Manufacturing Company, Inc., que era *la persona que ejercía absoluto control sobre todas las operaciones y transacciones de la demandante* .... que en estas condiciones el señor Roberto Colón es

responsable de las contribuciones que pudiera resultar adeudando la corporación Roberto Colón Machinery and Manufacturing Company, Inc."

Ante la alegación del síndico-liquidador, en el sentido, que debe ser relevado de la obligación de pagar la deuda contributiva por haberse agotado los bienes de la corporación que le fueron entregados para el pago de la deuda corporativa, ¿qué es lo que tendría que probar el Secretario de Hacienda para que prevaleciera su defensa, que en tal caso, debe ser responsabilizado el señor Colón como director, por el débito en exceso del valor del capital social ingresado en caja o del valor de sus propiedades y créditos activos, que representa dicha deuda? En el supuesto que la ilustrada Sala sentenciadora le dé crédito a la prueba del propio señor Colón, los hechos probados serían suficientes para determinar la responsabilidad ulterior del señor Colón, como director, puesto que dicha prueba establecería los siguientes hechos: (1) que la corporación Roberto Colón Machinery and Manufacturing Company, Inc., ha sido disuelta; (2) que al momento de su disolución, el pasivo de la corporación resultó mayor que el activo; (3) que el señor Roberto Colón, recibió como síndico-liquidador, el activo existente al momento de la disolución y procedió a pagar las acreencias de la corporación hasta donde alcanzaron dichos bienes; (4) que a la fecha de la notificación de la deficiencia no tenía bienes de la corporación en su poder con que pagar la contribución sobre ingresos; (5) que el síndico-liquidador reconoce que la deuda contributiva es legítima; (6) que el señor Colón es dueño del 95% del capital en acciones de la corporación, era director de la misma y como tal su actual síndico-liquidador y era además su anterior presidente. Como se ve la responsabilidad del señor Colón como director no es un nuevo hecho a ser probado, sino una de las implicaciones jurídicas que emanan de la correcta aplicación del art. 35 de la Ley de Corporaciones de Puerto Rico a los hechos alegados por el propio síndico-liquidador.

Comprendo que la ilustrada Sala sentenciadora al recibir de nuevo este caso, se preguntará ingenuamente: ¿para qué exigir nuevas alegaciones si las alegaciones ya formuladas resultan suficientes o para qué exigir nueva prueba, si los hechos jurídicos envueltos en las dos hipótesis de responsabilidad ya establecidas, bastan para la solución del problema? Comprendo además que en este caso, la ilustrada Sala sentenciadora se sentirá obligada a aplicar la doctrina de nuestra aún reciente decisión en *Cruz* v. *Ramírez*, 75 D.P.R. 947, (*Ortiz*), (1954), cita precisa a las págs. 953, 955 y 957. Creo mi deber amistoso advertirle a la ilustrada Sala sentenciadora, que entre las objeciones formuladas a la versión original de la opinión preparada por mí, está la posible necesidad de revocar el caso de *Cruz* v. *Ramírez,* supra, por haber sido incorrectamente resuelto. No pretendo convertirme en defensor de dicho caso, que a mi juicio, merece una más reposada y meticulosa reconsideración.

De todos modos entiendo que el art. 35 es aplicable a este caso por las razones que a continuación se expresan, y que en algunos aspectos, representan un criterio independiente al caso de *Cruz* v. *Ramírez* ante la cuestión.

El art. 35 dispone que: "ninguna corporación podrá contraer deuda alguna por ningún concepto, que excediere del valor de su capital social ingresado en caja o del valor de sus propiedades y créditos activos. Los directores que autorizaren con sus votos a contraer dichas deudas serán responsables individual, mancomunada y solidariamente del importe de las mismas y dicha responsabilidad podrá exigirse mediante demanda entablada por cualquier acreedor que justificare haber sido judicialmente adjudicada su reclamación y que el activo liquidado de la corporación no ha sido suficiente para cubrirla."

Las normas de exigibilidad en cuanto a la responsabilidad de los directores, establecidas por el propio artículo, son las siguientes: (1) las deudas de la corporación se considerarán todas iguales cualquiera que sea el concepto por el cual se

hayan incurrido; (2) las deudas deberán exceder el valor del capital social ingresado en caja (acciones suscritas y pagadas) o el valor de las propiedades y créditos activos; (3) las deudas deberán estar autorizadas por los directores; (4) las deudas deberán estar judicialmente declaradas como tales en una acción previa contra la corporación; (5) debe establecerse que el activo liquidado de la corporación no ha sido suficiente para satisfacerlas.

1. En cuanto al primer aspecto de la cuestión, relacionado con las deudas incluídas dentro de la prohibición, la ley no distingue entre unas y otras, y por tanto, una deuda por contribuciones sobre ingresos, es una deuda legítima de la corporación a los efectos del art. 35. Como cuestión de ley, de acuerdo con el art. 83 de la Ley núm. 74 de 6 de agosto de 1925—13 L.P.R.A. 640, sec. 822—, las contribuciones sobre ingresos tiene la condición de créditos preferentes a favor del Estado Libre Asociado de Puerto Rico, y sólo ceden en la prelación de créditos, ante las contribuciones sobre la propiedad por tres anualidades y la corriente, los créditos refaccionarios y los créditos hipotecarios: Ley núm. 14 de 24 de agosto de 1933, 13 L.P.R.A. 388, sec. 361.

2. En cuanto al segundo aspecto de la cuestión, relacionado con el débito en exceso de los bienes de la corporación, en este caso, el demandante y apelante señor Colón, alegó, admitió y declaró que los bienes de la corporación que él recibió como director para actuar de síndico-liquidador no fueron suficientes para el pago de las deudas de la corporación por haber "excedido el pasivo de la corporación disuelta el activo de la misma." De manera pues, que el hecho que las deudas de la corporación eran en exceso del valor del capital en acciones ingresado en caja o en exceso del valor de las propiedades y créditos activos de la corporación, ya está establecido en la prueba que desfiló ante la ilustrada Sala sentenciadora y en la transcripción de dicha prueba ante nos.

3. En cuanto al tercer aspecto de la cuestión, relacionado con la necesidad que los directores hayan autorizado con sus

votos la constitución de dichas deudas, es bueno dejar consignado previamente, que en este caso, el demandante y apelante, además de director y síndico-liquidador de la corporación, era su presidente y casi único accionista, por lo cual estamos ante el caso estudiado en *Cruz* v. *Ramírez*, supra, cita precisa a la pág. 954 de la corporación que no pasa de ser un mero nombre social para que una sola persona haga negocios bajo un nombre corporativo (*business conduit*), por lo cual, no es difícil concluir, como hecho derivado de otro hecho probado, según alega el Secretario de Hacienda en su defensa, que el señor Roberto Colón "era la persona que ejercía absoluto control sobre todas las operaciones y transacciones de la demandante". Es bueno asimismo dejar consignado previamente que el señor Colón, casi único accionista, director, presidente y síndico-liquidador de la corporación, reconoce la deuda contributiva como una legítima deuda de la corporación disuelta. Como cuestión de hecho el señor Colón no ha interpuesto la defensa que se trata de una deuda no autorizada por su voto como director. Pero, francamente, aunque la hubiera objetado por ese fundamento, no creo que se encontraría libre de responsabilidad.

La lógica ha sido siempre la musa predilecta del Derecho. Para que la defensa del director de no haber autorizado con su voto la creación de la deuda, prevaleciera, sería necesario que se tratara de una deuda, que sólo por voluntad del director, pudiera ser creada. Es obvio que las obligaciones impuestas por el Estado, en forma de contribuciones, no están sujetas a la aprobación del contribuyente. Las contribuciones impuestas por el Estado, son, en realidad de derecho, obligaciones públicas, cuya obligatoriedad no está regulada por las normas relativas al consentimiento de la contratación privada. La única manera de evadirlas sería no dedicarse a ninguna actividad de producción de riqueza cubierta por las leyes fiscales. Tan pronto una persona se dedica a la producción de riqueza para si propio, parte de su beneficio como productor de riqueza queda comprometido a las obliga-

ciones públicas que contrae. Es el pago que debe satisfacer el hombre de empresa al orden público y al grado de civilización mantenido por el Estado, tan necesario al desarrollo normal de sus actividades como el aire a sus pulmones. Ninguna persona podría dedicarse a empresas de lucro en un medio político regido por el desorden. Por tanto, tenemos que concluir que tal consentimiento está implícito en el hecho mismo de dedicarse a cualquiera actividad humana.

El hecho de reunirse en una misma persona (1) aquélla que tiene poder con sus acciones para elegir a los directores, (2) aquélla que resulta ser director de la corporación cuando la deuda contributiva se contrae y (3) aquélla sin cuyo consentimiento no hubieran podido llevarse a cabo ninguna de las operaciones que sirvieron de base a la imposición de la contribución sobre ingresos, por tener la gerencia de los negocios, diferencia este caso del caso ordinario estudiado en otras decisiones, referentes al director que no quedaría responsabilizado en una situación de hechos como ésta, por resultar persona distinta al síndico-liquidador, por haber renunciado como director antes de procederse a la liquidación de la corporación y no poderse concluir sobre su aceptación tácita o expresa a las operaciones de la liquidación; referentes al director que no queda responsabilizado por haber estado ausente al momento de contraerse la obligación que crea el débito en exceso; referentes al director que no queda responsabilizado por haber consignado en las minutas de la Junta de Directores, su oposición a la deuda contraída que crea el débito en exceso, que son las circunstancias eximentes de responsabilidad individual que reconoce la jurisprudencia relacionada con el art. 35 de nuestra Ley de Corporaciones.

4. En cuanto al cuarto aspecto de la cuestión relacionado con la previa declaración judicial de la responsabilidad de la corporación, antes de entablarse cualquiera acción contra el director por el débito en exceso, la ley persigue dos propósitos claros y precisos: (1) una declaración judicial que se trata de una legítima deuda corporativa y (2) una declaración

judicial de que el activo liquidado de la corporación no ha sido suficiente para cubrirla. Es conveniente recordar, que en este caso, el Secretario de Hacienda le notificó a la corporación una deficiencia tentativa de contribuciones sobre ingresos, sin saber que la corporación estaba disuelta. Se trata, pues del procedimiento que en todo caso, hubiera tenido que utilizar el Secretario de Hacienda para imponerle dicha deficiencia a la corporación, estuviera disuelta o no estuviera disuelta. La notificación se le hizo al señor Roberto Colón, por el simple hecho, que el señor Colón, de acuerdo con las constancias de la Secretaría de Hacienda, era el presidente de la corporación, o sea, la persona indicada por la ley para recibir tal notificación. El procedimiento de imposición de la deficiencia contra la corporación continúa hasta que el Secretario de Hacienda notifica una deficiencia definitiva. De acuerdo con nuestra Ley de Contribuciones sobre Ingresos de 1924 tal deficiencia definitiva, si no es apelada, en la forma dispuesta por la misma ley, se convierte en una deuda legítima de la corporación,—que hubiera podido ser objeto del procedimiento de apremio administrativo que establece la sec. 83 de la Ley núm. 74 de 6 de agosto de 1925,—13 L.P.R.A. 640, sec. 822. El próximo paso para responsabilizar al director, hubiera sido una declaración judicial de que el activo liquidado de la corporación no había resultado suficiente para satisfacerla.

Es en este preciso momento, que el señor Roberto Colón, como director de la corporación disuelta, pero en funciones de síndico-liquidador, acude motu proprio, al anterior Tribunal de Contribuciones de Puerto Rico, alegando los siguientes hechos: (1) que la corporación requerida fué disuelta por el Secretario de Estado; (2) que el querellante señor Colón, por su condición de director, es el síndico-liquidador de la corporación disuelta; (3) que al entregársele los bienes de la corporación al síndico-liquidador, *el pasivo resultó mayor que el activo* y que el síndico-liquidador, pagó cuantas deudas pudo de los bienes de la corporación que le fueron entregados;

(4) que aunque la deuda que representa la deficiencia definitiva del Secretario de Hacienda es una deuda legítima, y reconoce que no fué pagada por él como síndico-liquidador, alega que no tiene bienes con que satisfacer dicha deuda, por lo que solicita que se le exonere de toda responsabilidad como síndico-liquidador o personalmente en cuanto respecta a dicha deuda. Según vemos, tan pronto la ilustrada Sala sentenciadora pase juicio sobre los hechos que presenta la propia prueba del síndico-liquidador, se habrá completado el cuadro jurídico en cuanto a la previa adjudicación judicial contra la corporación de la deuda y en cuanto a la previa determinación que el activo liquidado de la corporación no resultó suficiente para satisfacerla, todo lo que previamente se exige quede establecido para que el director quede ulteriormente responsabilizado.

Pero hay algo más. El art. 35 de la Ley de Corporaciones Privadas de Puerto Rico que es el que responsabiliza a los directores de una corporación por cualquier débito en exceso de los bienes de la corporación, hay que relacionarlo con los arts. 27, 28 y 29 de la misma Ley, que son los que establecen respectivamente la subsistencia limitada de la capacidad jurídica de la corporación durante la liquidación, la facultad de los directores para actuar como síndicos-liquidadores y la responsabilidad personal de los síndicos-liquidadores en cuanto al solvento de las deudas. Para sostener lo contrario, la opinión de la mayoría parece concluir, que aún en el caso de una corporación disuelta, no debe descorrerse el velo corporativo. De acuerdo con la Ley de Puerto Rico, para nosotros siempre obligatoria, casualmente el fenómeno jurídico que produce la disolución de una corporación, es que la ficción corporativa se desvanece para todos los fines que no sean los de la liquidación y el velo corporativo se rasga definitivamente, quedando los directores doblemente responsabilizados: primero, como fiduciarios de un fideicomiso en favor de los acreedores de la corporación hasta donde alcancen los bienes entregados a ellos; segundo, como deudores directos

por cualquier débito en exceso que resulte de su gestión como directores, si no existen bienes de la corporación para satisfacerlo.

Cuando de corporaciones disueltas se trate "se ha sostenido generalmente que la regla que exige una sentencia previa contra una corporación y el diligenciamiento negativo de la orden de ejecución, *antes de demandarse a un accionista,* no se aplica cuando dicha diligencia por cualquiera razón es imposible, o podría ser inútil o resulte en una dilación innecesaria o costosa, *como es el caso donde existe un solo accionista;* de manera pues, que generalmente se ha sostenido que dicha regla no se aplica cuando la corporación se ha presentado en quiebra o insolvencia, o está en manos de un síndico para el fin de liquidar (*winding up*) sus deudas o ha traspasado todas sus propiedades en beneficio de sus acreedores; de acuerdo con el peso de las autoridades, la *regla tampoco se aplica cuando en cualquiera otra forma se demuestra que la corporación es insolvente;* como la ley no requiere que se hagan cosas inútiles, si se demuestra que la corporación no tiene bienes, los acreedores pueden proceder contra los accionistas sin necesidad de presentar ninguna acción previa contra la corporación, aún en casos, en que la responsabilidad de dichos accionistas sea secundaria; algunas cortes, sin embargo, han sostenido que la mera insolvencia de la corporación por sí sola, no es suficiente excusa, para la acción previa contra la corporación si dicha insolvencia no ha sido judicialmente declarada; *la disolución de una corporación generalmente se ha sostenido, exime de la obligación de obtener una sentencia contra ella, excepto, cuando por mandato de la ley, la disolución no prohibe que se demande a una corporación;* sin embargo, la disolución no excusa de tal cumplimiento a menos que se trate de una disolución *de jure* y no *de facto,* aunque también sobre este último extremo, hay muchas autoridades (*much authority*) que sostienen lo contrario." 13 Fletcher—Cyclopedia of the Law of Private

Corporations 851–856, sec. 6322 (ed. permanente de Callaghan and Company de 1943).

Como antes hemos dicho, de acuerdo con nuestra Ley de Corporaciones Privadas, después de disueltas dichas corporaciones, subsistirán como personas jurídicas con capacidad para demandar y ser demandadas a "fin de que puedan liquidar y terminar sus negocios" aunque no, para "la continuación de los negocios para las cuales fueron establecidas" (art. 27) pero deberán ser demandadas a través de sus síndicos "a nombre de la misma o en sus respectivos nombres particulares, por las deudas de dicha corporación" (art. 29). De lo cual resulta, que cuando es el propio síndico-liquidador, el que comparece al tribunal a aceptar la legitimidad de la deuda a nombre de la corporación, pero a solicitar que se le libere del pago de ella, por falta de bienes de la corporación, como cuestión práctica de hecho y de derecho, tanto la corporación en la forma limitada que subsiste para la liquidación de sus negocios, como el propio síndico-liquidador, en las responsabilidades que le impone la ley, se encuentran ante el tribunal. De manera que no tenemos por qué preocuparnos en este caso, del previo requerimiento a la corporación, puesto que la comparecencia del señor Colón, en realidad de hecho y de derecho es una comparecencia de la propia corporación, en la forma limitada que subsiste durante la liquidación.

Como nuestra ley establece que tendrán que ser síndico-liquidadores, los propios directores de la corporación, como cuestión práctica de hecho y de derecho, al comparecer el síndico-liquidador, el director también se encuentra ante el tribunal. Según hemos indicado anteriormente su responsabilidad como director no es un nuevo hecho a ser probado, sino una de las implicaciones jurídicas que emanan de la correcta aplicación de la ley a los propios hechos alegados por el síndico-liquidador.

Siendo esto como es, al devolver el caso a la ilustrada Sala sentenciadora, sólo debimos exigir de ella que declarara probados los hechos alegados por el síndico-liquidador o por el

Secretario de Hacienda, y de acuerdo con la versión de la prueba que le mereciera crédito, aplicar el art. 29 o el art. 35 de la Ley número 30 de 9 de marzo de 1911.

Por las razones expuestas, concurro con la presente opinión de la mayoría en todo lo que no·resulte contrario a lo aquí expuesto.