ROBERTO COLÓN PADILLA, demandante y apelante, *v.* SECRETARIO DE HACIENDA, demandado y apelado.

*Número:* 11640 *Resuelto:* 18 de junio de 1962

---

*Elmer Toro Lucchetti,* abogado del apelante; *José Trias Monge, Secretario de Justicia* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del Secretario de Hacienda.

Sala integrada por el Juez Asociado señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: A Roberto Colón Padilla se le notificaron deficiencias en su declaración de ingresos para los años 1945–46 y 1946–47, ascendentes a $25,803.75 para el primero y $14,429.56 para el segundo. Las partes mediante estipulación zanjaron las diferencias que surgieron con motivo de las defensas interpuestas por el contribuyente en lo que a la deficiencia correspondiente al año 1946–47 respecta. En cuanto al año 1945–46 el contribuyente presentó como defensa el hecho de que en ese año había sufrido una pérdida de $79,600.00 que no había reclamado en su planilla. Invocó los casos de *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 68 D.P.R. 777 (1948) y *González Padín Co.* v. *Tribl. de Contribuciones,* 66 D.P.R. 964 (1947) para establecer la procedencia de su reclamación.

El tribunal de instancia reconoció una pérdida de $11,772.84 solamente. El contribuyente recurrió ante nos para revisar esa determinación. Sostiene que tiene derecho a que se le reconozca la totalidad de la pérdida que él reclama ascendente a $79,600.00. Esa es la única cuestión que este recurso presenta.

Colón Padilla organizó en el año 1933 una corporación que se denominó Roberto Colón Machinery Co., Inc. De 800 acciones Colón adquirió 796 con un valor de $79,600.00. Las otras cuatro fueron adquiridas por cuatro distintas personas.

En el año 1945, el 1ro. de abril, se celebra una reunión de los accionistas, en la cual estuvieron presentes Roberto Colón, Ana M. R. de Colón, Dolores Colón, César A. Silva y Joe A. Jacobs. De acuerdo con el acta levantada correspondiente a esa reunión, aparece que el señor Colón sometió

a la consideración de los presentes un informe del estado financiero del negocio y sugirió la conveniencia de disolver la corporación. Todos los presentes aceptaron la proposición del señor Colón. El Tesorero presentó el inventario de los bienes de la corporación conteniendo una detallada relación de materiales, existencias y mobiliario que ascendía a $71,543.09. Todos los documentos fueron examinados por los accionistas, quienes los hallaron correctos y se ordenó que se hicieran formar parte de la minuta.

Aparece además de la referida acta que el señor Roberto Colón, bajo el nombre de "Roberto Colón Mach. Co." ofreció adquirir todas las existencias y el activo de la corporación, así como pagar todas las obligaciones, por la cantidad de $68,164.62. Se dieron instrucciones para que se redactara la documentación necesaria para ser firmada por todos los accionistas. En vista de que la corporación dispuso de todo su capital por venta a Roberto Colón Machinery Co., se acordó disolverla.

Siguiendo los acuerdos tomados en la reunión del 1ro. de abril de 1945, todos los accionistas suscribieron una comunicación enviada al Secretario Ejecutivo el 21 siguiente. Decía así la referida comunicación:

"Acusamos recibo de su atenta del 23 del pasado mes de marzo, y nos es grato comunicarle que el negocio de Roberto Colón Machy Co. fue vendido con fecha 1ro. de abril al S. Roberto Colón por consentimiento unánime de los abajo firmantes, únicos accionistas de la corporación y por lo tanto consentimos en que se declare disuelta la corporación."

Ésta fue la prueba a la cual el tribunal de instancia dio crédito para determinar el monto de la pérdida sufrida por el contribuyente en el año 1945–46. La corte a quo le fijó en $11,722.84 la pérdida. "Siendo el capital de acciones de la corporación a esa fecha la cantidad de $80,000.00 representados por 800 acciones de $100 a la par, y habiéndose liquidado la corporación por $68,164.62 hubo una pérdida

de capital de $11,835.38, o sea una pérdida de $14.79 por acción. Siendo el demandante dueño de 796 acciones sufrió una pérdida de $11,772.84". (Determinaciones de Hechos pág. 15.)

El contribuyente insiste en que la pérdida ascendió a $79,600.00. Sostiene que a pesar de lo que revela el acta, —que antes hemos relatado—de hecho la transacción no se consumó. Roberto Colón no adquirió el activo por $68,164.62 según lo acordado en la reunión de accionistas del 1ro. de abril. Además presentó en evidencia una comunicación de Secretaría Ejecutiva en la que le comunicaban que la corporación aludida había quedado disuelta con fecha 15 de junio de 1945 por no haber rendido los informes que la ley requiere. El señor Colón declaró que la transacción no se había consumado. Se le pregunta por el libro de acciones de la corporación y contesta que se ha desaparecido:

"QUERELLADO:

Al testigo Sr. Colón:

Señor Colón, usted dijo que el libro de acciones de Roberto Colón Machinery and Manufacturing Company, Incorporated no existía; que había desaparecido por circunstancias desgraciadas?

TESTIGO:

R.—Sí, ya expliqué antes. En ausencia mía, estando en Estados Unidos, mi esposa perturbada de sus facultades mentales le dio a jugar a los niños algunos libros y cheques y entre éstos el libro de acciones de la corporación. A mi regreso pude comprobarlo por pedazos de éstos que encontré en el basurero.

P.—¿Desapareció en esa forma?

R.—Sí señor."

La mejor prueba para demostrar que en realidad no se había consumado la transacción acordada en la reunión del 1ro. de abril, no fue posible presentarla en corte.

La tesis del contribuyente es al efecto de que la transacción acordada el 1ro. de abril no se consumó y que cuando dos meses y medio después la corporación quedó disuelta por no haber radicado los informes en Secretaría Ejecutiva,

estaba completamente insolvente. Las deudas excedían entonces el pequeño activo de que para esa fecha disponía. Fue, pues, una pérdida total.

El juez de instancia no le dio crédito a esa prueba. Y es razonable su determinación en ese sentido. Se reunen unos accionistas y reciben un informe del tesorero donde se establece que la corporación tiene un activo de $71,543.09. Dos meses más tarde se alega que esa misma firma está en completa insolvencia. Cuando al contribuyente se le dice "que enseñe los libros de contabilidad que están ahí, donde está el inventario", contesta "Eso se declaró que no aparece en los libros". Y al señor Radamés Vázquez, un contador público que practicó un examen de los libros de la corporación a junio 15, 1945, le preguntan:

"P.—En cuanto al Mobiliario, Autos e Inventario . . . Explíquele al Tribunal.

R.—No aparecieron en los libros.

P.—¿No había partida de inventario?

R.—No.

P.—¿No había partida de Mobiliario?

R.—Tampoco.

P.—¿No había partida para Automóviles?

R.—Tampoco. Tuve que preguntarles a los miembros de la corporación qué partidas de activo tenían para esa época y entonces la información que recogía fue que había un 'Packard' del 41 que ellos a esa fecha le dieron un valor de mil dólares. Y una 'pick-up' marca 'Dodge' de más o menos la misma fecha que le dejaron un valor de $200.00. Ese es el total de Autos, $1,200.00.

P.—¿Qué le dijeron del inventario?

R.—Del inventario me hablaron que había piezas 'muertas' de muy poco valor, de muy poca salida. Les pregunté qué clases de piezas eran y eso fue todo lo que me dijeron, que eran piezas 'muertas'.

P.—¿Y del Mobiliario?

R.—Unos muebles viejos que se habían comprado hacía muchísimos años, y, realmente, yo creo que se infló el valor al darles $500.00."

Así, no aparece en los libros el inventario, ni aparece el libro de acciones. Y el juez no le dio crédito a la prueba testifical presentada para controvertir lo que se hizo constar formalmente en el acta de la reunión celebrada el 1ro. de abril de 1945. No tiene importancia la fecha de la disolución de la corporación. Es inmaterial si en efecto ocurrió por el acuerdo de los accionistas el día 1ro. de abril de 1945 o de oficio el 15 de junio siguiente, por no haberse rendido los informes que exige la ley. *Roberto Colón Mach. & Mfg. Co.* v. *Srio. de Hacienda*, 78 D.P.R. 912–918 (1956). Lo que sí quedó establecido, por el crédito que el juez le dio a esa prueba, fue que el 1ro. de abril la corporación tenía un activo de $71,543.09 y que lo vendió a Roberto Colón por $68,164.62. Que esa venta total del activo representó una pérdida de $14.79 por acción y que teniendo el contribuyente 796 acciones a la fecha en que se efectuó la transacción, tuvo una pérdida de $11,772.84 que fue la que el tribunal de instancia le reconoció. A nada más tenía derecho.

*Se confirmará la sentencia que dictó el Tribunal Superior, Sala de San Juan, con fecha 5 de diciembre de 1952*