*11 TEXTO COMPLETO DE LA RESOLUCION
Comparece ante nos Ramón S. Campos Llavona, su esposa, Migdalia Pérez Castro así como la Sociedad Legal de Gananciales compuesta por ambos (en adelante los esposos Campos-Pérez), parte demandada-apelante, y nos solicita la revisión de una orden emitida por el Tribunal de Primera Instancia, Sala de Carolina (Hon. Ismael R. Colón Pérez, Juez), el 19 de enero de 2005, notificada el 20 de enero de 2005. Mediante la misma, el foro de instancia decretó un embargo preventivo de bienes inmuebles pertenecientes a los demandados.
Luego de estudiados tanto los hechos como el derecho aplicable, denegamos la expedición del auto de certiorari.
I
El 31 de octubre de 2003, la Compañía de Fomento Industrial de Puerto Rico (en adelante Fomento), parte aquí demandante-apelada, presentó ante el Tribunal de Primera Instancia, Sala de Carolina, demanda en cobro de dinero en contra de The Florida Brewery, Inc. (en adelante Florida Brewery) y Cervecería Puerto Rico, Inc. (en adelante Cervecería). En la referida demanda, Fomento alega que otorgó un contrato de incentivos especiales con Florida Brewery y Cervecería para el establecimiento de una planta de procesamiento y embotellamiento de cervezas, maltas y jugos tropicales, la cual crearía alrededor de ochenta (80) empleos en el municipio de Cañó vanas. También, Fomento alegó que le concedió a Florida Brewery y Cervecería la suma de setecientos cincuenta mil dólares ($750,000.00) a ser utilizados para la compra de maquinaria y equipo, así como para el pago de otros gastos relacionados con el establecimiento de la planta. Además, Fomento argumentó que Florida Brewery y Cervecería se habían comprometido a presentar evidencia de todos los gastos incurridos; sin embargo, no habían cumplido con ello. Finalmente, Fomento le requirió a Florida Brewery y Cervecería el pago de los incentivos concedidos y, luego de innumerables gestiones de cobro, decidió referir el caso al Departamento de Justicia. Ninguno de estos hechos alegados por los demandantes son controvertidos por los aquí demandados-apelantes. [Ap. Certiorari, págs. 93-100]
Ese mismo día, Fomento, parte demandante-recurrida, presentó ante el foro de instancia Moción Urgente Solicitando Remedios Provisionales en Aseguramiento de la Efectividad de Sentencia. (Ap. Certiorari, a las págs. 51-58).
Luego de múltiples trámites procesales, el 16 de marzo de 2004, Florida Brewery y Cervecería, le solicitaron al foro de instancia la paralización de los procedimientos. (Ap. Certiorari, a las págs. 101-106.)
Así las cosas, el 1 de abril de 2004, Fomento presentó demanda enmendada a los efectos de incluir a los esposos Campos-Pérez como parte demandada, pues son los únicos accionistas de las corporaciones Florida Brewery y Cervecería. (Ap. Certiorari, a las págs. 19-50.) Ese mismo día, Fomento, parte demandante-recurrida, presentó ante el foro de instancia Moción Urgente Solicitando Remedios Provisionales en Aseguramiento de la Efectividad de Sentencia Contra Nuevos Demandados. En la referida solicitud, Fomento le solicita al foro aquí recurrido que ordene el embargo preventivo de tres (3) propiedades privativas obtenidas por los esposos Campos-Pérez con el dinero concedido como incentivo. (Ap. Certiorari, a las págs. 59-66.) A esos efectos, el 13 de abril de 2004, el Tribunal de Primera Instancia emitió una orden en la cual dispuso que una vez se emplazara a los nuevos demandados, se procedería a señalar una vista sobre los remedios provisionales.
El 8 de jubo de 2004, Fomento, parte demandante-recurrida, presentó una Segunda Demanda Enmendada. En esta Segunda Demanda Enmendada, Fomento alegó que las compañías Florida Brewey y Cervecería son un alter ego de los esposos Campos-Pérez y solicitó descorrer el velo corporativo, pues son los únicos accionistas. (Ap. Certiorari, a las págs. 3-11.) También, ese día, Fomento radicó Moción Enmendada Solicitando Remedios Provisionales en Aseguramiento de la Efectividad de Sentencia Contra Nuevos Demandados. (Ap. Alegato de la parte Recurrida, a las págs. 6-17.)
*12 El 23 de julio de 2004, se celebró una vista de conferencia sobre el estado de los procedimientos. Según surge de la minuta de dicha vista, la parte demandante-recurrida, Fomento, le peticionó al foro de instancia un descubrimiento de prueba corto para prepararse adecuadamente par-a sostener la solicitud de embargo preventivo solicitado. Además, la representación legal de dicha parte, expresó que tenía que conocer la condición de la corporación a los efectos de descorrer el velo corporativo para sustentar su solicitud de remedios provisionales contra nuevos demandados en su carácter personal. Por último, Fomento solicitó hacer un descubrimiento de prueba consistente en interrogatorios dirigidos a los demandados-peticionarios, los esposos Campos-Pérez, limitado exclusivamente a la situación de Cervecería y toda su gestión corporativa. Al final de la vista, el Tribunal de Primera Instancia le concedió un término de diez (10) días a la parte demandante-recurrida para cursar los interrogatorios sobre la situación de Cervecería y toda su gestión corporativa y treinta (30) días a la parte demandada-peticionaria, los esposos Campos-Pérez, para contestar los mismos y viceversa. Además, el foro de instancia transfirió y reséñalo la vista de remedios provisionales para el 10 de septiembre de 2004.
El 9 de septiembre de 2004, los esposos Campos-Pérez, parte demandada-peticionaria, inconforme con dicha determinación, presentaron ante nos recurso de certiorari. Mediante el referido recurso, los esposos Campos-Pérez solicitaron infructuosamente la revisión de dicha orden.
Tras el persistente incumplimiento de la parte apelante de contestar el interrogatorio y, en consecuencia a ello, varias posposiciones de la vista, la parte demandante solicitó anotación de rebeldía a todos los demandados mediante moción de 20 de diciembre de 2004. El 5 de enero de 2005, la parte demandante-apelada radica una moción solicitando se den por admitidos los hechos alegados en la segunda demanda enmendada y se emita remedio provisional en aseguramiento de la sentencia. Tras una moción de reconsideración de la parte aquí demandada-apelante, el tribunal de instancia, el 19 de enero de 2005, deja sin efecto la anotación de rebeldía, pero declara Con Lugar la referida solicitud de embargo provisional.
El peticionario, inconforme con la determinación de instancia, acude ante nos nuevamente mediante recurso de certiorari y nos señala la comisión de los siguientes errores por parte del tribunal:

“Erró el Honorable Tribunal al ordenar el embargo preventivo de las propiedades de los individuos demandados sin la celebración de una vista.

Erró el Tribunal al descorrer el velo corporativo de facto sin brindar la oportunidad a los individuos demandados a ser oídos. ”

II
Luego de expuestos los hechos pertinentes ante nuestra consideración, procedemos a exponer la norma jurídica aplicable.
A. Embargos preventivos
El embargo es una interdicción jurídica en el patrimonio del deudor decretada a petición ex parte del acreedor reclamante. Uno de sus efectos procesales es el de adscribir los bienes embargados al cumplimiento de la obligación o reclamación en el proceso principal, es decir, asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada. Como medida cautelar o asegurativa, su vida o eficacia depende de la acción entablada. Alum Torres v. Campos del Toro, 89 D.P.R. 305, 321 (1963). El propósito del mecanismo de embargo es preservar los bienes del deudor e impedir su traspaso y ocultación de manera que quien reclame un derecho contra éste, pueda ejecutar satisfactoriamente un mandato judicial. García v. The Commonwealth Ins. Co., 118 D.P.R. 380 (1987); Vda. de Galindo v. Cano, 108 D.P.R. 277 (1979).
La Regla 56.1 de Procedimiento Civil, 32 L.P.R.A. Ap. HI, establece respecto a los remedios provisionales lo *13 siguiente:

“Regla 56.1. Principios generales.

En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial. ” Véase: Vargas v. González, 149 D.P.R. 859, 865 (1999). [Énfasis nuestro]
La Regla 56.1 de Procedimiento Civil, supra, reconoce el embargo como uno de los remedios que puede dictar un tribunal para asegurar la efectividad de una sentencia. Rivera Rodríguez & Co. v. Lee Stowell, Taylor, 133 D.P.R. 881, 894 (1993). El objetivo de la anotación de embargo es el proteger la efectividad de los dictámenes judiciales y el de mantener el status quo existente al momento de iniciarse el pleito. Id.
Esta regla regula las medidas provisionales que puede dictar un tribunal. Además, esta regla confiere al tribunal suficiente flexibilidad para dictar las medidas que estime necesarias o convenientes, según las circunstancias del caso, para asegurar la efectividad de la sentencia. Su única limitación es que la medida sea razonable y adecuada al propósito esencial de la misma, que es garantizar la efectividad de la sentencia que en su día pueda dictarse. F.D. Rich Co. v. Tribunal Superior, 99 D.P.R. 158, 176 (1970).
Al respecto, se ha señalado que esta regla es "fecunda en su provisión de remedios para asegurar la efectividad de la sentencia que no restringe a los convencionales y por el contrario se extiende sin enumeración a cualquier otra medida que el Tribunal estime apropiada, según las circunstancias'del caso”. Pizá Blondet v. Tribunal Superior, 103 D.P.R. 466, 469 (1975), citando a Suárez Martínez v. Tribunal Superior, 85 D.P.R. 544, 549 (1962).
Los criterios que tendrán que tomar los tribunales en consideración al momento de conceder o denegar la anotación de un embargo preventivo son: (1) que sean provisionales; (2) que tenga el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar, y (3) que se tomen en consideración los intereses de todas las partes, según lo requiera la justicia sustancial y todas las partes. J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Publicaciones J.T.S., Tomo II, 2000, pág. 934; Freeman v. Tribunal Superior, 92 D.P.R. 1, 25 (1965). Por su parte, la Regla 56.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56.2, señala que "[n]o se concederá, modificará o anulará, ni se tomará providencia alguna sobre un remedio provisional, sin notificar a la parte adversa y sin celebrar una vista, excepto según se dispone en las Reglas 56.4 y 56.5". Véase: Ramos de Szendrey y otros v. Colón Figueroa y otro, Opinión de 6 de marzo de 2001, 2001 J.T.S. 33, a la pág. 957. [Énfasis nuestro]. Para que la vista satisfaga los requisitos del debido proceso de ley, debe cumplirse con: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. Rivera Rodríguez & Co. v. Lee Stowell, supra, a la pág. 889.
Además, los tribunales deberán exigir la prestación de una fianza. Ramos de Szendrey y otros v. Colón Figueroa y otro, supra; Rivera Rodríguez & Co. v. Lee Stowell, Taylor, supra, a la pág. 896; Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56.3. No obstante, lo anteriormente expuesto la Regla 56.3 de Procedimiento Civil, supra, establece las circunstancias bajo las cuales un tribunal puede conceder un remedio provisional sin la prestación de fianza:

“[...]

*14
(1) Si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible... ”.

Por un lado, el embargo de un bien mueble causa más daño que el anotar un embargo sobre un bien inmueble en el Registro de la Propiedad porque la posesión de un bien mueble tiene para un litigante una utilidad inmediata de tipo económico. Por otro lado, el embargo de un bien inmueble no priva a su dueño de la posesión del referido bien y, a menos que el embargo sea con prohibición de enajenar, el dueño no queda afectado de inmediato en relación con cualquier posible negociación a base de dicho inmueble, Soc. de Gananciales v. Rodríguez, supra, páginas 472-473.
Como norma general, antes de ordenar un embargo preventivo, los tribunales deben notificar a la paite adversa y celebrar una vista previa. Si el reclamante presta una fianza suficiente para responder por todos los daños y peijuicios que puedan ser ocasionados por dicho embargo, los tribunales pueden expedir una orden de embargo ex-parte. No obstante, aun cuando el reclamante preste una fianza, los tribunales deben celebrar una vista adversativa antes de ordenar el embargo, a menos que el reclamante alegue tener un previo interés propietario sobre la cosa embargada, que el reclamante alegue la existencia de circunstancias extraordinarias o que el reclamante alegue la probabilidad de prevalecer mediante prueba documental fehaciente de la cual pueda ser deducida que la deuda es líquida, vencida y exigible, Reglas 56.3 y 56.4 de Procedimiento Civil, supra; Rivera Rodríguez & Co. v. Stowell Taylor, supra, página 933-934. [Énfasis nuestro]
B. La personalidad jurídica de las corporaciones y la doctrina de descorrer el velo corporativo
Se ha interpretado que el concepto de persona, en el sentido jurídico, es todo ser capaz de tener derechos y obligaciones y que persona jurídica es, pues, la colectividad de personas o conjuntos de bienes que, organizados para la realización de un fin permanente, obtiene el reconocimiento del estado sujeto de derecho. Rodríguez Román y otros v. Banco Gubernamental de Fomento, Opinión de 19 de junio de 2000, 2000 J.T.S. 104, a la pág. 1343; Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 80-81 (1987). La persona jurídica recibe su personalidad directamente de la ley, por lo que los límites de sus facultades, derechos y responsabilidades están fijados por la ley creadora,. Rodríguez Román y otros v. Banco Gubernamental de Fomento para Puerto Rico, supra; Rivera Maldonado v. E.L.A., supra, a la pág. 81.
El Código Civil de Puerto Rico en sus Artículos 27, 28, 29, 30 y 31, 31 L.P.R.A. sees. 101-105, establece que las corporaciones tienen personalidad jurídica propia. Estas disposiciones del Código Civil cristalizan la doctrina de la ficción, pues consideran a la persona jurídica, la corporación, como una creación legal. Carlos E. Díaz Olivo, Corporaciones, Hato Rey, Piierto Rico, Publicaciones Puertorriqueñas Inc., 1999, a la pág. 13. Así también, el Artículo 2.01 y 2.02 de la Ley Núm. 144 de 10 de agosto de 1996, mejor conocida como la Ley General de Corporaciones de 1995, reconoce la personalidad jurídica de los entes corporativos. 14 L.P.R.A. see. 2651 y 2652.
Por lo tanto, las corporaciones tienen personalidad jurídica propia y su propio patrimonio, distintos a la personalidad y al patrimonio de sus accionistas, sean estos últimos personas naturales o jurídicas. Sucn. Santaella v. Srio. de Hacienda, 96 D.P.R. 442, 451 (1968); Sucn. Pérez v. Gual, 16 D.P.R. 959, 963 (1954); Swiggett v. Swiggett, Inc., 55 D.P.R. 76, 83 (1939); Carlos E. Díaz Olivo, supra, a la pág. 53. En consecuencia, la responsabilidad de los accionistas por las deudas y obligaciones de la corporación está generalmente limitada al capital que éstos hayan aportado al patrimonio de la corporación. Fleming v. Toa Alta Development Corp., 96 D.P.R. 240, 244 (1968).
La norma general, según lo anteriormente expuesto, es que la corporación es una entidad separada y distinta de la de sus accionistas. Sin embargo, existe la excepción de rasgar o decorrer el velo corporativo, situación en la cual no se reconoce la ficción jurídica del ente corporativo, para imponerle responsabilidad personal a los *15 accionistas. Véase: Roberto Colón Mach. & Mfg. Co. v. Secretario de Hacienda, 78 D.P.R. 912 (1956).
Los tribunales descartarán la personalidad jurídica de una corporación y sujetarán el patrimonio de los accionistas para responder por las deudas y obligaciones de la corporación en aquellos casos en los cuales “la corporación es meramente un alter ego o conducto económico pasivo ('business conduit') de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa ... si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong”)”. Fleming v. Toa Alta Development Corp., supra, a la pág. 243; San Miguel Fertilizer v. P.R. Drydock, 94 D.P.R. 424, 430 (1967); J.E. Candal & Co. v. Rivera, 86 D.P.R. 508, 513 (1962); Sucn. Pérez v. Gual, supra, a las págs. 963-964; Cruz v. Ramírez, 75 D.P.R. 947, 954 (1954); Swiggett v. Swiggett, Inc., supra, a la pág. 85.
De acuerdo a este principio, una corporación es el “alter ego” o conducto económico pasivo de sus accionistas cuando entre éstos y la corporación existe tal identidad de interés y propiedad que las personalidades de la corporación y de los accionistas, sean éstos personas naturales o jurídicas, se hallan confundidas, de manera que la corporación no es, en realidad, una persona jurídica independiente y separada. San Miguel Fertilizer Corp. v. P.R. Drydock, supra, a la pág. 430; J.E. Candal & Co. v. Rivera, supra, a la pág. 513; Sucn. Pérez v. Gual, supra, a las págs. 963-964; Swiggett v. Swiggett, Inc., supra, a la pág. 85. La aplicación de este principio dependerá de los hechos y las circunstancias específicas del caso particular a la luz de la prueba presentada. DACO v. Alturas de Florida Development Corp., 132 D.P.R. 905, 925-926 (1993); Cruz v. Ramírez, 78 D.P.R. 947, 954 (1956). [Énfasis nuestro]
El peso de la prueba para descorrer el velo corporativo descansa en la parte que propone la imposición de responsabilidad individual a los accionistas y corresponde al Tribunal de Primera Instancia determinar, luego de apreciar la prueba, si procede el levantar el velo corporativo. DACO v. Alturas de Florida Development Corp., supra, a la pág. 926; Fleming v. Toa Alta Development Corp., supra, a la pág. 243; J.E. Candal & Co. v. Rivera, supra, a las págs. 512-513; Cruz v. Ramírez, supra, a la pág. 954. [Énfasis nuestro]. La prueba que se presente a tales efectos deberá ser robusta y convincente. González v. San Juan Corp., 101 D.P.R. 168, 172 (1973); Fleming v. Toa Alta Development Corp., supra, a las págs. 244-245. Al examinar la prueba, el tribunal deberá observar la naturaleza de las transacciones corporativas para no dejarse engañar por las formalidades de las mismas. South P. R. Sugar Corp. v. Junta Azucarera, 88 D.P.R. 43, 57 (1963). En casos de corporaciones en las cuales una persona natural es el único accionista, los tribunales deberán ser cautelosos en su escrutinio de la prueba. Por un lado, el mero hecho que una persona sea el único accionista de una corporación no autoriza la imposición de responsabilidad individual. Roberto Colón Mach. & Mfg. Co. v. Srio. de Hacienda, 78 D.P.R. 912, 916 (1956); Sucn. Pérez v. Gual, 76 D.P.R., a la pág. 963; Swiggett v. Swiggett, Inc., supra, a las págs. 83-84. [Énfasis nuestro]
Corresponde a la parte que propone el levantamiento del velo presentar prueba que demuestre que no existe una separación adecuada entre la corporación y el o los accionistas, y que los hechos son tales que reconocer dicha persona jurídica equivaldría a "sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". Díaz Aponte v. Comunidad San José. Inc., 130 D.P.R. 782, 798 (1992); Fleming v. Toa Alta Development Corp., supra, a la pág. 243; San Miguel Fertilizer v. P.R. Drydock, 94 D.P.R. 424, 430 (1967); Cruz v. Ramírez, 75 D.P.R. 947, 954 (1954). Carlos E. Díaz Olivo, supra, a la págs. 53-54. Los tribunales no permitirán que bajo la apariencia de una transacción conforme a derecho- en este caso mediante el uso de la figura corporativa-, se persigan fines ilícitos o injustos. Id.
El peso de la prueba no se descarga con la mera alegación de que la empresa es un alter ego de una persona, sino con prueba concreta que demuestre que la personalidad de la corporación y la del accionista no se mantuvieron adecuadamente separadas. San Miguel Fertilizer Corp. v. P.R. Drydock, supra, a las págs. 424 y *16 430; J.E. Candal & Co. v. Rivera, supra, a la pág. 172; Sucn. Pérez v. Gual, supra, a la pág. 964. Los tribunales han considerado, entre otros, los siguientes factores al determinar si ha existido una separación adecuada entre la corporación y sus accionistas para fines de descorrer el velo corporativo: (1) el control del accionista sobre los asuntos corporativos, (2) el trato de los activos de la corporación como activos personales, (3) el retiro irrestricto del capital corporativo, (4) la mezcla de activos personales con activos corporativos, (5) la estructura de capital inadecuada de la corporación, (6) la falta de récords corporativos, (7) la inobservancia de formalidades corporativas, (8) la inactividad de los demás oficiales y directores, (9) la práctica de no declarar dividendos, (10) la presentación pública del accionista como personalmente responsable por las obligaciones de la corporación, y (11) el manejo de la corporación sin atención a su personalidad independiente. D.A.C.O. v. Alturas Fl. Dev. Corp. y Otros, supra, nota 3; Carlos E. Díaz Olivo, supra, a la pág. 55. Véase además: 1 Fletcher Cyc. Corp., Ed. Permanente, Secs. 41.10, 41.35 y 41.72, a las págs. 614-617, 691-692 y 710.
También se han señalado que los tribunales deberán observar, al determinar si procede o no descorrer el velo corporativo, los siguientes factores: (1) no se han emitido acciones; (2) no tienen libros corporativos; (3) no tienen sello corporativo; (4) no tienen libros de contabilidad; (5) no celebran reuniones de directores ni accionistas; (6) no se sabe quiénes son sus directores u oficiales y si se conocen, éstos no ejercen función alguna en la corporación; (7) no tienen cuenta bancaria; (8) tienen cuenta bancaria, pero de la misma se expiden cheques para pagar gastos personales; (9) no rinden planillas anuales del Departamento de Estado; (10) no rinde planilla al Departamento de Hacienda; (11) no pagan patente municipal, y (12) no tiene empleados. Luis Mariano Negrón Portillo, Derecho Corporativo Puertorriqueño, Puerto Rico, Impresos Araya, 2da ed., 1996, a las págs. 437-438.
C. Descubrimiento de prueba
La Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 23.1, expone el alcance del descubrimiento de prueba de la siguiente manera:

“23.1 Alcance del descubrimiento

El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

(a) En General. - Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier ■otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualquiera libros, documentos u otros objetos tangibles y la identidad y dirección de las personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. ”

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. Alvarado Colón v. Alemany Planell, Opinión de 28 de junio de 2002, 2002 J.T.S. 98, a la pág. 1365; Durán v. Banco Popular de Puerto Rico, Opinión de 2 de octubre de 2000, 2000 J.T.S. 156, a la pág. 174; General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 38 (1986); Lluch v. España Service Sta., 117 D.P.R. 729, 743 (1986); Ades v. Zalman, 115 D.P.R. 514, 517 (1984). Por lo tanto, el Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre descubrimiento de prueba que se va a seguir. Vellón v. Squibb Mfg. Inc., 117 D.P.R. 838, 849 (1986). [Énfasis nuestro]
El propósito de la etapa de descubrimiento de prueba es que aflore la verdad de lo ocurrido evitando así los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día del juicio las cuestiones y los hechos que en realidad son objeto del litigio. Id.; Medina v. M.S. & D. Química P.R. Inc., 135 D.P.R. 716, 730 *17 (1994); Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959).
Nuestro ordenamiento jurídico solamente establece dos limitaciones al descubrimiento de prueba: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente al asunto en controversia. Regla 23.1 de Procedimiento Civil, supra; Alvarado Colón v. Alemañy Planell, supra, a la pág. 1366; Vicenti Diamani v. Saldaña Acha, Opinión de 16 de mayo de 2002, 2002 J.T.S. 72, a la pág. 1172; Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 730-31 (1994); General Electric v. Concessionaires, Inc., supra, a las págs. 38-39. Como regla general, el concepto de pertinencia para propósito de descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. Vicenti Diamani v. Saldaña Acha, supra; Alfonso Brú v. Trane Export, Inc., Opinión de 20 de septiembre de 2001, 2001 J.T.S. 132, a la pág. 139; General Electric v. Concessionaries, Inc., supra, a la pág. 40. Por eso, para que una materia pueda ser objeto de descubrimiento, basta que exista una posibilidad razonable de relación con el asunto en controversia. Vicenti Diamani v. Saldaña Acha, supra; Alfonso Brú v. Trane Export, Inc., supra; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212 (1982). También se ha resuelto que el concepto de pertinencia del descubrimiento es más amplio que el concepto de pertinencia relacionado con la admisibilidad de la prueba conforme a las Reglas de Evidencia. Véase: Alvarado Colón v. Alemany Planell, supra; Rodríguez v. Scotiabank de P.R., supra, a la pág. 212-213; Medina v. M.S. & D. Química P.R., Inc., supra, a la pág. 731.
"[U]n sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio". Vicenti Diamani v. Saldaña Acha, supra; Sierra v. Tribunal Superior, 81 D.P.R. 554, 560 (1959) Véase también, Lluch v. España Service Sta., supra. Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. Id.
Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes "descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio". Duran v. Banco Popular de Puerto Rico, supra, a la pág. 174; Rafael Hernández Colón, Derecho Procesal Civil, Michie de P.R., 1997, see. 2801, pág. 220. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Durán v. Banco Popular de Puerto Rico, supra; José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Vol. II, Publicaciones JTS, 1985, pág. 123.
D. Discreción del Tribunal de Primera Instancia para pautar sus Procedimientos
Por otro lado, como se sabe, "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". Meléndez v. Caribbean Int’l News, 2000 J.T.S. 108. Véanse además, Lluch v. España Service Sta., 117 D.P.R. 729, 745 (1986); Valencia, Ex Parte, 116 D.P.R. 909, 913 (1986); Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193 (1965).
Por lo general, los tribunales revisores no intervienen con el manejo de los casos por el Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con p[re]juicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170, 181 (1992). Véase también, Lluch v. España Service Sta., supra. En cuanto al alcance de la discreción que ampara al Tribunal de Primera Instancia en la tramitación de los casos, también se ha reconocido bastante amplitud, más aún cuando se trata del manejo de casos complejos. Vives Vázquez v. E.L.A., 142 D.P.R. 117, 141 (1996).
*18 En nuestro ordenamiento jurídico se ha entendido que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990); Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964). Dentro del ámbito judicial, el concepto de discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". Pueblo v. Sánchez González, supra; Bco. Popular de P.R. v. Mun. de Aguadilla, supra. El actual- de esa manera constituye claramente un abuso de discreción.
III
Los esposos Campos-Pérez, parte demandada-apelante, nos plantean que erró el Tribunal de Primera Instancia al señalar conceder un remedio provisional de embargo sin la celebración de una vista. No le asiste la razón. Veamos porqué.
Según surge del expediente ante nuestra consideración, Fomento, parte demandante-apelada, en tres (3) ocasiones le ha solicitado al Tribunal de Primera Instancia en el caso de autos el remedio provisional del embargo preventivo en aseguramiento de sentencia; ello con el propósito de preservar los bienes del posible deudor y, de recaer sentencia a su favor, posteriormente, ejecutar dicho mandato judicial.
Como ya mencionamos anteriormente, al amparo de la Regla 56.4 de Procedimiento Civil, supra, se puede solicitar una orden de embargo ex parte siempre y cuando se cumpla con los requisitos de la Regla 56.3 de Procedimiento Civil, supra. En el caso de autos, los demandados no niegan la deuda en concepto de incentivos desembolsados por Fomento. Además, de los documentos anejados por PRIDCO a su Segunda Demanda enmendada, surge que la deuda reclamada es una vencida, líquida y exigible. La propia contestación a la Segunda Demanda Enmendada de los aquí apelantes no niega los párrafos de la demanda pertinentes a dicha deuda. [Ap. Certiorari, págs. 93-100]. Por lo tanto, contrario a lo que alegan los esposos Campos-Pérez, parte demandada-apelante, no se le violó derecho alguno al conceder el embargo sin celebración de vista.
Además, en caso que la vista fuere esencial para salvaguardar los derechos de la parte aquí apelante, ésta para todos los efectos, renunció al derecho de celebración de vista. Lo cierto es que hubo varios señalamientos para vista, pero dado al incumplimiento de los propios demandados-apelantes con las órdenes del Tribunal de Instancia, las mismas quedaron constantemente pospuestas. Tres veces instancia señaló fecha para la vista y tres veces quedó pospuesta tras el incumplimiento de la parte demandada-apelante de contestar los interrogatorios sometidos por Fomento y ordenados por instancia. Tan es así, que el tribunal de instancia, luego de solicitud a tales efectos, anotó la rebeldía de los apelantes. [Ap. Alegato del recurrido, pág. 37] Aunque es de notar que dicha orden fue dejada sin efecto el 19 de enero de 2005. Igual, en este foro, la parte apelante muestra dejadez en el cumplimiento de las órdenes del tribunal. Véase Resolución emitida por este Tribunal el 29 de marzo de 2005, la cual al día de hoy queda por cumplir.
En estas vistas postergadas, las partes hubiesen tenido la oportunidad de argumentar sus respectivas posiciones con todas las garantías del debido proceso de ley.
En cuanto al segundo error mencionado que se descorrió el velo corporativo de facto, tampoco le asiste la razón. No surge del expediente ni de la orden de embargo emitida el 19 de enero de 2005 que el tribunal de Instancia descorrió el velo corporativo. Tengamos presente que el peso de la prueba para descorrer el velo corporativo descansa en la parte que propone la imposición de responsabilidad individual a los accionistas y corresponde al Tribunal de Primera Instancia determinar, luego de apreciar la prueba, si procede el levantar el velo corporativo. DACO v. Alturas de Florida Development Corp., supra, a la pág. 926; Fleming v. Toa Alta Development Corp., supra, a la pág. 243; J.E. Candal & Co. v. Rivera, supra, a las págs. 512-513; Cruz v. Ramírez, supra, a la pág. 954. [Énfasis nuestro] No se ha pasado prueba sobre la falta de personalidad jurídica independiente al accionista. En casos de corporaciones en las cuales una persona natural es el único accionista, *19 como lo es en el caso ante nos, los tribunales deberán ser cautelosos en su escrutinio de la prueba. Por un lado, el mero hecho que una persona sea el único accionista de una corporación, no autoriza la imposición de responsabilidad individual. Roberto Colón Mach. & Mfg. Co. v. Srio. de Hacienda, 78 D.P.R. 912, 916 (1956); Sucn. Pérez v. Gual, 76 D.P.R., a la pág. 963; Swiggett v. Swiggett, Inc., supra, a las págs. 83-84. [Énfasis nuestro]
La determinación de que la corporación es un alter ego de los demandados-apelantes se hará tras el descubrimiento de prueba pertinente, el cual será amplio y liberal. El embargo impuesto por instancia es una medida cautelar y provisional que asegura la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.
IV
Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de certiorari.
Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Brau Ramírez concurre sin opinión escrita.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones