| | | |
|---|---|---|
| BOUTIQUE HOTELS, INC.; AREYTOS DEVELOPMENT GROUP, LLC<br><br>Apelantes<br><br>v.<br><br>BROCK PIERCE, CRYSTAL ROSE, Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS; PERCIVAL SERVICES, LLC; PERCIVAL REAL ESTATE PARTNERS, LLC; PERCIVAL REAL ESTATE, LLC; THE ROUNDTABLE, LLC; VIEQUES HOLDINGS PARCEL A, LLC; VIEQUES HOLDINGS PARCEL B, LLC; VIEQUES HOLDINGS PARCEL C, LLC; TAMARINDO V, LLC; ENTIDAD ABC, LLC<br><br>Apelados | KLAN202400208 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV09854<br><br>Sobre: Daños y Perjuicios; Sentencia Declaratoria; Cobro de Comisión |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparecen Boutique Hotels, Inc. (BHI) y Areytos Development Group, LLC (Areytos Development) (conjuntamente, los apelantes), y solicitan que modifiquemos la *Sentencia Parcial* emitida el 31 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), notificada y archivada en autos el 1 de febrero de 2024.[1] Mediante el referido dictamen, el foro primario declaró parcialmente ha lugar la *Moción Reiterando Solicitud de Desestimación* presentada por Brock Pierce (señor Pierce), Percival Services, LLC (Percival Services); Percival Real Estate Partners, LLC (Percival Real Estate

---

[1] Apéndice de la *Apelación*, Sentencia Parcial del 31 de enero de 2024, notificada el 1 de febrero de 2024, págs. 167-186.

Partners); Percival Real Estate, LLC (Percival Real Estate); The Roundtable, LLC (The Roundtable); Vieques Holdings Parcel A, LLC (Vieques Holdings Parcel A); Vieques Holdings Parcel B, LLC (Vieques Holdings Parcel B); Vieques Holdings Parcel C, LLC (Vieques Holdings Parcel C); y Tamarindo V, LLC (Tamarindo) (conjuntamente, apelados) y ordenó la desestimación de la reclamación solicitando descorrer el velo corporativo, pero indicó que subsistían las demás causas de acción de daños y perjuicios, y sentencia declaratoria.[2]

Por las razones que expondremos a continuación, confirmamos la *Sentencia Parcial* recurrida. Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

**-I-**

El caso ante nuestra consideración tiene su génesis el 8 de noviembre de 2022 cuando los apelantes presentaron una *Demanda* sobre daños y perjuicios, sentencia declaratoria y cobro de comisión en contra de los apelados.[3] En la misma los apelantes adujeron que el señor Pierce permitió que Gonzalo Gracia de Miguel (señor Gracia de Miguel), presidente de BHI, a nombre y en representación del señor Pierce, iniciara gestiones preliminares encaminadas a una posible transacción para la compra y adquisición del Hotel W en Vieques. Alegaron, además, que durante el año 2021 el señor Gracia de Miguel puso a disposición del señor Pierce y su equipo todos los contactos y conexiones de negocio y buena fe de BHI. Sin embargo, según se alegó, el 9 de noviembre de 2021, el señor Pierce rechazó, de forma sorpresiva, continuar asociado al fondo y se negó a ejecutar los contratos en consecución al negocio para la creación del Fondo Areytos y de Areytos Capital. Finalmente, sostuvieron que, incluso, a pesar de que BHI logró cerrar el negocio de la compraventa del antiguo Hotel W en calidad de agente para con el señor Pierce y The Roundtable, y las

---

[2] *Íd.,* Moción Reiterando Solicitud de Desestimación, págs. 106-127.
[3] *Íd.,* Demanda, págs. 1-23.

repetidas gestiones realizadas en diciembre de 2021 y enero de 2022 por parte de BHI, el señor Pierce se ha negado a realizar o implementar el acuerdo con BHI para el redesarrollo del proyecto del Hotel W, y se ha negado a reconocer o emitir la comisión de BHI por los servicios prestados para allegar y finalizar la compraventa del Hotel W. Por lo tanto, los apelantes solicitaron una suma principal de doscientos once mil dólares ($211,000.00) por daños ante gastos y costos incurridos, y otra suma principal no menor de tres millones de dólares ($3,000,000.00) por daños adicionales a raíz de las acciones u omisiones negligentes y/o culposas del señor Pierce y entidades afiliadas que sostienen constituyen *culpa in contrahendo*. También solicitaron del foro primario que declare y decrete que existió un contrato de agencia entre BHI con el señor Pierce y The Roundtable, y que ordene a los apelados a pagarle a BHI setecientos noventa mil dólares ($790,000) por concepto de comisión, equivalente al cinco por ciento (5%) del precio de $15,800,000 del contrato para la adquisición del Hotel W.

Por otro lado, los apelantes sostuvieron, mediante la *Demanda*, que el 26 de abril de 2021, el señor Gracia de Miguel presentó a Ray Cifre, amigo del señor Pierce; al señor Pierce y su equipo, el potencial de adquirir otro pequeño hotel en Vieques conocido como Hacienda Tamarindo. Asimismo, indicaron que el señor Pierce continuó dependiendo de las gestiones y el personal de Areytos Development para completar la transición operacional y la operación comercial de Hacienda Tamarindo. Además, alegaron que el contrato para adquirir la Hacienda Tamarindo fue originado y finalizado gracias a los trabajos de Areytos Development en calidad de agente para con el señor Pierce y The Roundtable. Los apelantes también arguyeron que Areytos Development tiene derecho al cobro de una comisión por haber actuado en calidad de agente y concluido el negocio exitosamente. Por lo anterior, los apelantes solicitaron del TPI que declare y decrete que

existió un contrato de agencia entre Areytos Development con el señor Pierce, The Roundtable y Tamarindo, y ordene a los apelados a pagarle a Areytos Development ciento sesenta y cinco mil dólares ($165,000) por concepto de comisión, equivalente al cinco por ciento (5%) del precio de $3,300,000 del contrato para la adquisición del Hotel W.

Por último, los apelantes arguyeron, por medio la *Demanda* del caso de epígrafe, que el *modus operandi* del señor Pierce es operar las múltiples entidades jurídicas que controla como meros *alter egos* o extensiones de sí mismo de forma que pueda defraudar a potenciales inversionistas, socios o gerentes mientras que los activos se mantienen detrás de compañías fatulas o *dummy corporations*. Ante lo anterior, los apelantes solicitaron del foro primario que descorra el velo corporativo de Percival Services; Percival Real Estate Partners; Percival Real Estate; The Roundtable, LLC; Vieques Holdings Parcel A; Vieques Holdings Parcel B; Vieques Holdings Parcel C; y Tamarindo para prevenir fraude y una crasa injusticia hacia los apelados por parte del señor Pierce, The Roundtable y Percival Services.

El 20 de febrero de 2023 los apelados presentaron una *Moción de Desestimación*, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V.[4] Por medio de esta alegaron que los apelantes carecen de legitimación activa para instar una causa de acción, pues la negociación preliminar relatada en la *Demanda* no involucró formalmente a las entidades apelantes, la *Demanda* no contiene alegaciones sobre la existencia de algún contrato o alguna carta de intención suscrita por las partes, no hay alegaciones que establezcan que quienes comparecieron en las negociaciones eran entidades corporativas y que unos individuos hubiesen tenido conversaciones de negocios no implica necesariamente que también comparecieron las entidades corporativas. Además, y en lo pertinente, los apelados

---

[4] *Íd.*, Moción de Desestimación, págs. 24-44.

sostuvieron que, aunque el señor Pierce es el miembro y único principal oficial de las compañías, la activación del cumplimiento con la carga probatoria para demostrar la intención de defraudar o la existencia de inequidad no opera *ex proprio vigore*. Por último, arguyeron que las alegaciones de los apelantes son concluyentes e insuficientes, pues no surge de las alegaciones cómo la ficción jurídica puede promover el fraude y la injusticia evadiendo no solo obligaciones legales, sino también de política pública.

El 10 de marzo de 2023, Crystal Rose (señora Rose), esposa del señor Pierce, presentó una *Moción Uniéndose a Moción de Desestimación*.[5]

Posteriormente, el 3 de abril de 2023 los apelantes presentaron una *Demanda Enmendada* en la cual, en lo pertinente a la controversia ante nos, añadieron algunas alegaciones nuevas y/o enmendaron alegaciones incluidas en la *Demanda* original.[6] Específicamente, adujeron que no existe distinción práctica ni jurídica entre Percival Services y The Roundtable, y Percival Real Estate Partners, Percival Real Estate, Vieques Holdings Parcel A, Vieques Holdings Parcel B, Vieques Holdings Parcel C, y Tamarindo y que estas operan como meros *business conduits* de las dos supuestas compañías principales del señor Pierce: (i) Percival Services y (ii) The Roundtable. Lo anterior, alegaron, persigue el propósito de defraudar a quienes hacen negocios con el señor Pierce, para este poder sacar ventaja de las personas con quien hace negocios, y para nublar cualquier reclamación en su contra o en contra de sus entidades. Por lo anterior, los apelantes solicitaron del TPI que se descorra el velo corporativo de las entidades apeladas entre ellas, y al señor Pierce como su verdadera identidad; y en la alternativa, descorra el velo corporativo de las mismas por estas ser meros *alter egos* de Percival Services y The Roundtable.

---

[5] *Íd.*, Moción Uniéndose a Moción de Desestimación, págs. 45-46.
[6] *Íd.*, Demanda Enmendada, págs. 47-68.

El mismo 3 de abril de 2023, los apelantes presentaron una *Divulgación en Cumplimiento con la Regla 8.9 de Procedimiento Civil* por la cual arguyeron que por error o inadvertencia no incluyeron la divulgación corporativa en la *Demanda.*[7] Consecuentemente, ambas apelantes certificaron que ninguna posee el diez por ciento (10%) o más de las acciones, y de la inexistencia de subsidiarias o entidades filiales, conforme a la Regla 8.9 de Procedimiento Civil, *supra,* R. 8.9. Por último, solicitaron del foro primario que ordene a los apelados a realizar sus respectivas divulgaciones corporativas, a tenor con la Regla 8.9 de Procedimiento Civil, *supra.*

Luego, el 10 de abril de 2023, los apelantes presentaron una *Oposición a la Moción de Desestimación.*[8] En lo pertinente a la causa de acción sobre descorrer el velo corporativo, arguyeron que como asunto de umbral el foro primario debía permitir un descubrimiento de prueba para determinar la procedencia de una causa de acción para descorrer el velo corporativo. Además, sostuvieron que en la *Demanda* aducen con claridad y suficiencia los hechos que cumplen con los elementos para descorrer el velo corporativo de las entidades jurídicas apeladas.

Ese mismo día, los apelados presentaron una *Moción de Desglose al Amparo de la Regla 13.1 de Procedimiento Civil* arguyendo que los apelantes presentaron la *Demanda Enmendada* sin pedirle permiso al Tribunal, ni presentar una moción a esos efectos acompañada de la enmienda a las alegaciones, y tampoco obtuvieron el consentimiento de los demandados.[9]

El 11 de abril de 2023, los apelantes presentaron una *Oposición a la Moción de Desglose sobre la Demanda Enmendada* por la cual alegaron que los apelados realizaron una lectura incorrecta de la Regla

---

[7] *Íd.,* Divulgación en Cumplimiento con la Regla 8.9 de Procedimiento Civil, págs. 69-71.
[8] *Íd.,* Oposición a la Moción de Desestimación, págs. 72-93.
[9] *Íd.,* Moción de Desglose al Amparo de la Regla 13.1 de Procedimiento Civil, págs. 94-96.

13.1 de Procedimiento Civil, *supra*, R. 13.1, pues la misma expresa "[c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva".[10] En otras palabras, dicha regla facultaba a los apelantes a enmendar la demanda, sin la autorización del Tribunal, en cualquier momento previo a que los apelados contestaran la demanda.

Ese mismo día, el TPI emitió una *Orden*, notificada y archivada en autos el 12 de abril de 2023, mediante la cual, en parte, aceptó la *Demanda Enmendada*, y sostuvo que no era necesaria la autorización previa del Tribunal, pues la enmienda se propuso antes de la presentación de la alegación responsiva.[11]

El 17 de abril de 2023, los apelados presentaron una *Divulgación en Cumplimiento con la Regla 8.9 de Procedimiento Civil*.[12]

Posterior a ello, el 8 de mayo de 2023, los apelados presentaron una *Moción Reiterando Solicitud de Desestimación* por la cual sostuvieron que rasgar el velo corporativo es una excepción a la norma general de no responsabilizar a los accionistas ni a los miembros de una corporación por las deudas de esta.[13] Asimismo, sostuvieron que de las alegaciones no surge cómo las entidades jurídicas auxilian en la alegada comisión de actuaciones fraudulentas, y, por ende, la ausencia de detalles sobre las actuaciones impide establecer la causa de acción aducida.

El 9 de mayo de 2023, la señora Rose presentó una *Moción Uniéndose a Moción Reiterando Solicitud de Desestimación*[14] adoptando por referencia el contenido sustantivo de la *Moción Reiterando Solicitud de Desestimación* presentada por lo apelados.

---

[10] *Íd.*, Oposición a la Moción de Desglose sobre la Demanda Enmendada, págs. 97-100.
[11] *Íd.*, Orden del 11 de abril de 2023, notificada el 12 de abril de 2023, pág. 101.
[12] *Íd.*, Divulgación en Cumplimiento con la Regla 8.9 de Procedimiento Civil, págs. 102-104.
[13] *Íd.*, Moción Reiterando Solicitud de Desestimación, págs. 106-127.
[14] *Íd.*, Moción Uniéndose a Moción Reiterando Solicitud de Desestimación, págs. 128-129.

Posteriormente, el 30 de mayo de 2023, los apelantes presentaron una *Oposición a la Solicitud de Desestimación de la Demanda Enmendada*[15] mediante la cual, en parte, reiteraron los mismos planteamientos sobre descorrer el velo corporativo incluidos en su *Oposición a la Moción de Desestimación*.

El 13 de junio de 2023, los apelados presentaron una *Réplica a "Oposición a la Solicitud de Desestimación de la Demanda Enmendada"* por la cual reiteraron los argumentos de la *Moción Reiterando Solicitud de Desestimación*.[16] En lo pertinente, arguyeron que no se detallan con precisión cuáles son las actuaciones fraudulentas cometidas, y que los apelantes especulan sobre lo que pudiese constituir fraude. Además, alegaron que las alegaciones respecto a que las corporaciones son *alter egos* con el propósito de defraudar son insuficientes para sostener la reclamación de rasgar el velo corporativo.

Luego de ello, el 31 de enero de 2024, el foro *a quo* emitió una *Sentencia Parcial*,[17] notificada y archivada en autos el 1 de febrero de 2024, por la cual declaró parcialmente ha lugar la *Moción Reiterando Solicitud de Desestimación* presentada por los apelados. Así, el foro primario ordenó la desestimación de la causa de acción sobre descorrer el velo corporativo, pero indicó que subsistían las demás causas de acción. En lo pertinente a la causa de acción sobre descorrer el velo corporativo, fundamentó su dictamen en que, contrario a la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2, la cual exige exponer de forma detallada las circunstancias que constituyen fraude o error, **de las alegaciones de los apelantes no surge el alegado daño o fraude que cometieron los apelados contra los apelantes**. Además, a tenor con la Regla 10.2 (5) de Procedimiento Civil, *supra*, R. 10.2 (5),

---

[15] *Íd.,* Oposición a la Solicitud de Desestimación de la Demanda Enmendada, págs. 130-155.

[16] *Íd.,* Réplica a "Oposición a la Solicitud de Desestimación de la Demanda Enmendada", págs. 156-165.

[17] *Íd.,* Sentencia Parcial del 31 de enero de 2024, notificada el 1 de febrero de 2024, págs. 167-186.

aun tomando todas las alegaciones como bien hechas y de la forma más favorable para los apelantes, **de las alegaciones no surgen cuáles alegados actos o acciones ha cometido el señor Pierce o las corporaciones apeladas que justifique descorrer el velo corporativo**.

Inconforme, el 4 de marzo de 2024, los apelantes acudieron ante nos mediante el presente recurso de *Apelación*, en el que le atribuyeron al TPI la comisión del siguiente error:

1. **Erró y abusó de su discreción el TPI al desestimar la cuarta causa de acción de la *Demanda Enmendada* por entender que una acción para descorrer el velo corporativo requiere cumplimiento con la Regla 7.2 de Procedimiento Civil, y, en la alternativa, erró el Tribunal al entender que no se alegó la acción para descorrer el velo corporativo de las compañías codemandadas en cumplimiento con la precitada regla.**

En síntesis, los apelantes solicitan que modifiquemos la *Sentencia Parcial* para no desestimar la cuarta causa de acción de la *Demanda Enmendada*. Arguyen que en nuestro ordenamiento jurídico no se requiere una alegación particular de fraude, a tenor con la Regla 7.2 de Procedimiento Civil, *supra*, para que prospere una causa de acción de velo corporativo, sino que aplica la Regla 6.1 de Procedimiento Civil, *supra*, R. 6.1, y la Regla 10.2 de Procedimiento Civil, *supra*. En la alternativa, arguyeron que si aplicara la Regla 7.2 de Procedimiento Civil, *supra*, la *Demanda Enmendada* contiene alegaciones particulares y suficientes para justificar la concesión de descorrer el velo corporativo de las corporaciones apeladas.

Por su parte, el 3 de abril de 2024, los apelados presentaron un *Alegato en Oposición al Recurso de Apelación* por el cual plantean que los apelantes no detallan con precisión cuáles son las actuaciones fraudulentas cometidas ni cómo la existencia de entidades corporativas auxiliaron en la alegada comisión de actuaciones fraudulentas, y que las alegaciones se reducen a conclusiones

propuestas. Añaden que la especulación sobre lo que pudiese constituir un fraude tampoco tiene base suficiente para justificar proceder con la reclamación. Por último, recalcaron que la mera alusión concluyente o estereotipada respecto a que ciertas corporaciones fueron creadas para defraudar, no resultaba ser suficiente para sustentar un reclamo sobre descorrer el velo corporativo.

En vista del error imputado al TPI, exponemos la normativa jurídica atinente a este recurso.

**-II-**

**-A-**

Nuestro máximo foro ha expresado que una persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, *supra*. Véase, *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023). Entre estas se encuentra la defensa del inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, la cual permite la radicación de una solicitud de desestimación bajo la defensa de que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023).

Asimismo, los tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". Íd., pág. 84; véase, además, *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte

demandante". *González Méndez v. Acción Social et al., supra,* pág. 234; *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.,* 151 DPR 883, 890 (2000). En vista de ello, los tribunales no deberán desestimarla "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar". *Trinidad Hernández v. ELA,* 188 DPR 828, 833-834, (*citando a Colón v. Lotería,* 167 DPR 625, 649 (2006)).

-**B**-

Por otra parte, la *Ley General de Corporaciones* del 16 de diciembre de 2009 (Ley Núm. 164-2009), según enmendada, 14 LPRA secs. 3501 *et seq.,* rige los asuntos relativos a la "existencia y vida jurídica de las corporaciones privadas". *Eagle Security Police, Inc. v. Dorado, supra,* pág. 85; *Dorado del Mar Estates Homeowners Association, Inc. v. Weber,* 203 DPR 31, 45 (2019). Precisamente, las corporaciones se caracterizan por poseer una personalidad jurídica distinta y separada de sus inversionistas. *Eagle Security Police, Inc. v. Dorado, supra,* pág. 86 (*citando a* C. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo,* 2da ed. rev., Editorial AlmaForte, Ed., 2018, pág. 120); véase, además, *Miramar Marine v. Citi Walk,* 198 DPR 684, 691 (2017); *Librotex, inc. v. A.A.A.,* 138 DPR 938, 947 (1995).

Como norma general, los accionistas o miembros no responden personalmente por las deudas de una corporación, excepto por actos propios. Núm. 164-2009, *supra,* sec. 3502; véase, además, *Santiago et al. v. Rodríguez et al.,* 181 DPR 204, 223 (2011) (*citando a* Díaz Olivo, *op. cit.,* pág. 119). Tal responsabilidad se circunscribe a la que estos hayan hecho al patrimonio de la corporación. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro,* 132 DPR 905 (1993).

Ahora bien, nuestro más alto foro ha expresado que los tribunales podrán descartar la personalidad jurídica de la corporación cuando estás sean un *alter ego* o conducto económico pasivo. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro, supra,* pág. 925. Un *alter ego* es cuando una corporación es un conducto o *business conduit* "de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa". Íd., pág. 925 (*citando a Cruz v. Ramírez,* 75 DPR 947, 754 (1954)). En ese caso, "entonces los accionistas serían individualmente responsables si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong")". Íd., pág. 925 (*citando a Cruz v. Ramírez,* 75 DPR 947, 754 (1954)). Asimismo, la parte promovente de la reclamación del velo corporativo debe demostrar que no existe una separación adecuada entre la corporación y el accionista, y los hechos son tales que reconocer la personalidad jurídica sería igual a "sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". Íd., pág. 927 (citando *Díaz Aponte v. Comunidad,* 130 DPR 782, 798 (1992)). Asimismo, la norma de descorrer el velo corporativo se rige por los siguientes principios fundamentales:

1. La aplicación de la doctrina depende de los hechos específicos de cada caso;

2. **El ignorar la entidad corporativa constituye la excepción a la regla**;

3. La corporación posee una personalidad jurídica separada y distinta de sus accionistas y la regla general es al efecto de que la existencia de la corporación, independientemente de sus accionistas no puede ser ignorada o descartada;

4. El fracaso de la corporación en su gestión económica, su administración deficiente, y la falla en observar las formalidades corporativas no son por sí mismos razón suficiente para desconocer la entidad;

5. **El mero hecho de que una persona sea el único accionista de una corporación no conlleva de por sí la imposición de responsabilidad individual;**

6. El peso de la prueba recae sobre la parte que busca descorrer el velo y propone la imposición de responsabilidad individual a los accionistas;

7. **El peso de la prueba no se descarga con la mera alegación** de que la empresa es un *alter ego* de los accionistas;

8. La prueba del que solicita el desconocimiento debe ser prueba fuerte y robusta.

9. **Corresponde a la parte que propone el levantamiento del velo presentar prueba que demuestre que:**

   **(i)    existe tal identidad de interés y propiedad, que la corporación y la persona de sus accionistas se hallen confundidas; y**

   **(ii)   que los hechos sean de tal naturaleza que el sostener la ficción de la corporación derrota la política pública por equivaler a sancionar la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad.**

Díaz Olivo, *op. cit.*, págs. 119-120 (Énfasis suplido); véase, además, *Santiago et al. v. Rodríguez et al.*, *supra*, pág. 223; *South Porto Rico Sugar Corp. v. Junta Azucarera*, 88 DPR 43, 57 (1963); *Sucn. De Salvador Pérez y Perez et al. v. Tomás E. Gual y La Borinquen Furniture Co., Inc.*, 76 DPR 959, 964 (1954).

Además de lo anterior, si el demandante se limita a realizar alegaciones generales sobre que la corporación es un *alter ego* o que sus accionistas utilizar a la entidad para cometer fraude o ilegalidad, nada habrán alegado que sustente una reclamación de descorrer el velo corporativo. Si en efecto es así, se ha dejado de exponer en la demanda una reclamación que justifique la concesión de un remedio contra los accionistas y procede su desestimación. C. Díaz Olivo, *Mitos y Leyendas Acerca de la Doctrina de Descorrer el Velo Corporativo*, 73 Rev. Jur. U.P.R. 311, 387 (2004). Lo anterior es cónsono con la Regla 7.2 de Procedimiento Civil, *supra*, la cual expresa, "[e]n todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente".

## -III-

En el caso ante nuestra consideración, los apelantes presentaron una *Demanda Enmendada* por la cual alegaron que el *modus operandi* del señor Pierce es operar las múltiples entidades jurídicas que controla como meros *alter egos* o extensiones de sí mismo para defraudar a potenciales inversionistas, socios o gerentes mientras que los activos se mantienen detrás de compañías fatulas o *dummy corporations*. Añadieron que no existe distinción práctica ni jurídica entre Percival Services y The Roundtable, y que Percival Real Estate Partners, Percival Real Estate, Vieques Holdings Parcel A, Vieques Holdings Parcel B, Vieques Holdings Parcel C, y Tamarindo operan como meros *business conduits* de las dos supuestas compañías principales del señor Pierce: (i) Percival Services y (ii) The Roundtable. Por lo anterior, los apelantes solicitaron del TPI que se descorra el velo corporativo de las entidades apeladas entre ellas, y al señor Pierce como su verdadera identidad; y en la alternativa, descorra el velo corporativo de las mismas por estas ser meros *alter egos* de Percival Services y The Roundtable.

Sin embargo, el foro primario declaró parcialmente ha lugar la *Moción Reiterando Solicitud de Desestimación* presentada por los apelados y desestimó la reclamación para descorrer el velo corporativo. Fundamentó su dictamen en que, de las alegaciones de los apelantes no surge el alegado daño o fraude que cometieron los apelados contra los apelantes, contrario a la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2, y tampoco surgen cuáles alegados actos o acciones ha cometido el señor Pierce o las corporaciones apeladas que justifique descorrer el velo corporativo.

Inconforme, los apelantes acudieron en revisión ante nos.

Tras un minucioso análisis de la normativa relevante y los hechos particulares, así como la totalidad del expediente de este caso,

concluimos que el foro primario no incidió al desestimar la causa de acción sobre rasgar el velo corporativo.

Los apelantes arguyen que, como asunto de umbral, el foro primario debe permitir un descubrimiento de prueba que permita determinar la procedencia de una causa de acción para descorrer el velo corporativo. Además, sostienen que en nuestro ordenamiento jurídico no se requiere una alegación particular de fraude, a tenor con la Regla 7.2 de Procedimiento Civil, *supra*, para que prospere una causa de acción de velo corporativo, sino que aplica la Regla 6.1 de Procedimiento Civil, *supra*, R. 6.1, y la Regla 10.2 de Procedimiento Civil, *supra*. En la alternativa, arguyeron que si aplicara la Regla 7.2 de Procedimiento Civil, *supra*, la *Demanda Enmendada* contiene alegaciones particulares y suficientes para justificar la concesión de descorrer el velo corporativo de las corporaciones apeladas. Como veremos, no les asiste razón.

Como se expuso en la sección anterior, la Regla 7.2 de Procedimiento Civil, *supra*, expresa claramente que "[e]n todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente". Asimismo, la parte que solicite descorrer el velo corporativo debe demostrar que no existe una separación adecuada entre la corporación y el accionista, y que los hechos sean de tal naturaleza que el sostener la ficción de la corporación derrota la política pública por equivaler a sancionar la utilización de la corporación para perpetuar un fraude o promover una injusticia o ilegalidad. En esa misma línea, el peso de la prueba no se descarga con la mera alegación de que la empresa es un *alter ego* de los accionistas. En cambio, si la parte reclamante se limita a realizar alegaciones generales sobre que la corporación es un *alter ego* o que sus accionistas utilizan la entidad para cometer fraude o ilegalidad, no expusieron en la demanda una reclamación que justifique la concesión de un remedio contra los

accionistas, y procedería la desestimación de la reclamación para descorrer el velo corporativo.

En el presente caso resulta evidente, en vista del derecho reseñado, que las alegaciones de la *Demanda Enmendada* son generales y no indican con la particularidad que exige nuestro ordenamiento jurídico cuáles daños, si alguno, sufrieron los apelantes y qué fraude, si alguno, perpetuaron los apelados justificando así descorrer el velo corporativo de las corporaciones apeladas.

Consecuentemente, y cónsono con el dictamen del TPI, procedía la desestimación de la reclamación sobre descorrer el velo corporativo.

-**IV**-

Por los fundamentos expuestos, confirmamos la *Sentencia Parcial* recurrida.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| BOUTIQUE HOTELS, INC.; AREYTOS DEVELOPMENT GROUP, LLC<br><br>Apelantes<br><br>v.<br><br>BROCK PIERCE, CRYSTAL ROSE, Y LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS; PERCIVAL SERVICES, LLC; PERCIVAL REAL ESTATE PARTNERS, LLC; PERCIVAL REAL ESTATE, LLC; THE ROUNDTABLE, LLC; VIEQUES HOLDINGS PARCEL A, LLC; VIEQUES HOLDINGS PARCEL B, LLC; VIEQUES HOLDINGS PARCEL C, LLC; TAMARINDO V, LLC; ENTIDAD ABC, LLC<br><br>Apelados | KLAN202400208 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV09854<br><br>Sobre: Daños y Perjuicios; Sentencia Declaratoria; Cobro de Comisión |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.



**VOTO DISIDENTE DEL JUEZ SÁNCHEZ RAMOS**

Las alegaciones de la demanda enmendada son suficientes para configurar una causa de acción viable al amparo de la doctrina de descorrer el velo corporativo. En esencia, se alega que un número de personas jurídicas aquí demandadas operan de forma "intercambiable" o "indistinta", "bajo el control" de un solo individuo, ello con el "propósito de defraudar a quienes hacen negocios" con este. Ello era suficiente, en esta etapa, para impedir que se desestimara la referida causa de acción.

La figura de descorrer el velo corporativo se reconoce cuando limitar la responsabilidad de los individuos equivaldría a "sancionar un fraude, promover una injusticia, evadir una obligación

estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen". *Casco Sales v. Mun. De Barranquitas,* 172 DPR 825, 832-833 (2007); *Srio. D.A.Co v. Comunidad San José, Inc.,* 130 DPR 782, 798 (1992); *Sucn. Santaella v. Srio. de Hacienda,* 96 DPR 442 (1968).

Los tribunales descartarán la personalidad jurídica de una corporación, y sujetarán el patrimonio de los accionistas para responder por las deudas y obligaciones de la corporación, en aquellos casos en los cuales:

> La corporación es meramente un "alter ego" o conducto o instrumento económico pasivo ("business conduit") de sus únicos accionistas, recibiendo éstos exclusiva y personalmente los beneficios producidos por la gestión corporativa [y] si ello es necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal ("wrong").

Véase *D.A.Co.,* 132 DPR a la pág. 925.

Generalmente, una persona es considerada un "alter ego" o conducto económico pasivo de otra cuando entre ambas existe tal identidad de interés y propiedad que las personalidades se hallan confundidas, de manera que la corporación no es realmente una persona jurídica independiente. *D.A.Co.,* 132 DPR a la pág. 925; *Fleming v. Toa Alta Develop. Corp.,* 96 DPR 240, 244 (1968); *San Miguel Fertil. Corp. v. P.R. Drydock,* 94 DPR 424, 430 (1967).



La aplicación de este principio dependerá de los hechos y las circunstancias específicas del caso particular a la luz de la prueba presentada. Así se estableció en *Cruz v. Ramírez,* 75 DPR 947, 954 (1954):

> ... si en determinado caso se ha de prescindir de la ficción corporativa, ello depende de los hechos específicos de cada caso, a la luz de los principios generales arriba señalados, y ello debe ser resuelto por el tribunal de primera instancia al considerar la prueba.

El peso de la prueba descansa en la parte que propone la imposición de responsabilidad individual a los accionistas y corresponde al TPI determinar, luego de apreciar la prueba, si procede el levantamiento

del velo corporativo. *D.A.Co,* 132 DPR a la pág. 926; *Flemming, 96 DPR* a la pág. 243; *Cruz, 75 DPR* a la pág. 954. El peso de la prueba no se descarga con la mera alegación de que la empresa es un *alter ego* de una persona, sino con prueba concreta que demuestre que la personalidad de la corporación y la del accionista no se mantuvieron adecuadamente separadas. *D.A.Co,* 132 DPR a la pág. 927.

En casos de corporaciones en las cuales una persona natural es el único accionista, los tribunales deberán ser cautelosos en el escrutinio de la prueba. Por un lado, el mero hecho de que una persona sea el único accionista de una corporación no autoriza la imposición de responsabilidad individual. *D.A.Co,* 132 DPR a la pág. 926; *Swiggett v. Swiggett, Inc.,* 55 DPR 76, 83–84 (1939); *Sucn. Pérez v. Gual,* 76 DPR 959, 963 (1954); *Roberto Colón Mach. & Mfg. Co. v. Srio. de Hacienda,* 78 DPR 912, 916 (1956).

Sin embargo, la concentración de control e información en una sola persona puede dar lugar a que estas corporaciones sean fácilmente utilizadas para fines ilegítimos. *D.A.Co,* 132 DPR a la pág. 926. En atención a este riesgo, los tribunales no deberán reconocer la personalidad jurídica de este tipo de corporación **cuando no hay la debida separación entre los asuntos corporativos y los personales**, y cuando la corporación no descansa en un fundamento financiero adecuado para lograr los fines para los cuales fue incorporada. *D.A.Co,* 132 DPR a la pág. 927.

En este caso, las alegaciones de la demanda enmendada fácilmente enmarcan dentro de los requisitos de la doctrina. De probarse las mismas, podríamos estar ante una situación en la cual realmente no hay separación entre los asuntos corporativos y los personales.



Adviértase que en la demanda enmendada se alegó que el individuo demandado (el "Empresario") opera "múltiples entidades jurídicas que controla como meros *alter ego* o extensiones de sí

mismo de manera que pueda defraudar a potenciales inversionistas, socios o gerentes mientras que los activos se mantienen insulados detrás de varias capas de compañías fatulas" (párrafo 161 de la demanda enmendada).

Se alegó, además, que "no existe división práctica u operacional alguna entre las referidas entidades pues todas comparten su domicilio, oficina, recursos, personal y oficiales de manera intercambiable" (párrafo 163 de la demanda enmendada). Se añadió que "todas las compañías mencionadas ... operan como y conducen sus negocios de manera centralizada e indistinta unas de otras bajo el control personal, operacional, financiero y absoluto" del Empresario (párrafo 164 de la demanda enmendada).

Estas alegaciones son suficientes, en esta etapa, para sobrevivir una moción de desestimación. Tomadas en conjunto, y de probarse las mismas, podría justificarse descorrer el velo corporativo. Sin haberse iniciado el correspondiente descubrimiento de prueba, no es razonable exigir detalles específicos adicionales sobre la operación de unas entidades sobre las cuales los demandantes no tienen control.

Por tanto, el Tribunal de Primera Instancia erró al desestimar esta causa de acción. En vez, debió denegar la moción de desestimación, sin perjuicio de re-evaluar el asunto una vez concluido el descubrimiento de prueba.

En San Juan, Puerto Rico, a 23 de abril de 2024.

HON. ROBERTO SÁNCHEZ RAMOS
JUEZ DE APELACIONES